### UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**STEPHEN STARCESKI,** Individually,

**April 26, 2022**

       **Plaintiff,**       **Case No:  22-962**

v.

**UNITED VAN LINES INTERNATIONAL,** a Missouri

**Corporation (State ID 00158252); UNITED VAN LINES, LLC, (Missouri State Identification LC0030570)(U.S. DOT No. 077949); VALERIE J. PACER (Individual); TRAVELERS CASUALTY & SURETY CO. OF AMERICA (A California Corporation) (Policy 105992979); VANLINER INSURANCE COMPANY (An Ohio Corporation) (Policy MRV5073400-05); UNIGROUP, LLC (Fl State);Nadia A. Gajardo (Individual)**

      **Defendants.**        /

### COMPLAINT

Plaintiffs, STEPHEN STARCESKI, sues Defendants UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC, and Nadia A. Gajardo and states:

#### I General Allegations

1.     Defendant, United Van Lines, LLC, is a Missouri corporation licensed to do business in Florida and doing business in Hillsborough County, Florida.

2.     Defendant, United Van Lines, LLC was not a registered company in the State of Florida at the time of the incident.

3.     United Van Lines, LLC offers moving, transportation, warehousing and logistics services around the United States. United Van Lines LLC was and is operating under the United States Department of Transportation Number 011949.

4.     United Van Lines, LLC has BIPD/Primary insurance coverage of $1,000,000 by Van liner Insurance Company.

5.     United Van Lines, LLC has Surety insurance coverage of $75,000 by Travelers Casualty & Surety Co. of America

6.     Vaelrie J. Pacer is a member or manager with the Missouri registered LLC.

7.     Defendant, Unigroup, LLC, is a Florida corporation doing business in Hillsborough County, Florida and offers moving, transportation, warehousing and logistics services around the United States.

8.     Unigroup, LLC lists its Manager with the Florida Department of Corporations as Nadia A. Gajardo.

9.     Unigroup, LLC is doing business in Hillsborough County, Florida.

10.     When searching "Unigroup" on the Internet, website www.unigroup.com identifies packing, moving and storage services and identifies that Unigroup "Together, with their network of Mayflower Transit and United Van Lines agents, UniGroup hosted celebrations across the country to recognize the dedication of more than 5,000 van operators".

11.     The Unigroup Defendants all maintain a facility in Hillsborough County, Florida and advertise using a website at "Unigroup.com".

12.     Unigroup Relocation, Unigroup Van Lines and Unigroup Companies' employees have-mail addresses at Unigroup.com.

13.     Unigroup Relocation, Unigroup Van Lines and Unigroup Companies are integrated as evidenced by common management, common principal place of business, Internet representation to the public at Unigroup.com, and access to employees at Unigroup.com.

14.     On September 8, 2022, Plaintiffs' household goods were in good condition and

were pied at their residence in California.

15.    Around January 11, 2022, Plaintiffs' household goods were transported

from California to Florida.

16.    From September 8, 2021 to January 11 of 2022, Plaintiffs' household goods were
stored in California.

17.    In January, Plaintiffs wanted their household goods transported from California

to Riverview in Hillsborough County, Florida, Florida.

18.    Around January 18, 2022, Plaintiffs' household goods were transported to

Riverview, Florida.

19.    On January 18, 2022, Plaintiffs' household goods were delivered to

Plaintiffs' residence in Riverview, Florida but Plaintiffs' household goods were damaged

and lost.

20.    The original date for delivery was January 10th of 2022 but the shipment was

late arriving

21.    On January 4, 2022,  Defendants called the Plaintiff and said they could not

find a driver and the shipment would be delayed..

22.    On the 18th of January only part of the shipment arrived and the Defendants

stated that the remaining portion of the shipment. would arrive on January 21, 2022.

23.    On January19th, United Van Lines, Called the Plaintiff and stated that the

remaining portion of the Plaintiffs' shipment was involved in a fire.

24.    Defendants refused to give the details of the Supposed fire.

25.    Defendants did not provide a police report nor details whatsoever.

26.    Defendants did not provide a copy of any insurance claims by them to their

insurance company about the fire.

27.     Defendants refused tot ell the Plaintiff the location of where the fire occurred.

28.     On the 22nd of January the Plaintiff sent an email to the Defendant asking for the police report, fire marshals report and a copy of the defendant's insurance claim.

29.     The defendant did not provide any documents.

30.     Plaintiff was unable to make any claims to his insurance due to the lack of information provided by the Defendants.

31.     On Date the defendant sent the Plaintiff an email requesting for the Plaintiff to sign waiver to receive an approximate  of 1668 for the damage.

## <u>COUNT II</u>
## <u>Cause of Action under 49 U.S.C. §14706 against United Van Lines, LLC,</u>

32.     Numbers 1-30 is hereby incorporated.

33.     49 USC§14706(a)(1) states"

> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

34.     This is a civil action for loss and damage against Defendant United Van Lines, LLC pursuant to 49 U.S.C. §14706 (The Carmack Amendment) which resulted from

loss of, damage to and destruction of Plaintiffs' personal property occurring during United Van Lines, LLC's interstate transport, shipment, storage or handling of such goods and property from California to Florida continuing within Florida.

35.     This is a cause of action for damages in excess of $50,000.00.

36.     Plaintiffs reassert paragraphs 1-30 as if fully stated here.

37.     United Van Lines, LLC is a carrier as set forth in 49 U.S.C. Chapters 135 and

38.     Plaintiffs entered into a Bill of Lading for transport of their household goods from California to Florida. A copy of the related Bill of Lading is attached as Exhibit "A".

39.     Exhibit 6 is a United Van Lines, LLC form showing United's logo and Missouri address and identifying Plaintiffs' "order number" as UO178-00402-1.

40.     Exhibit A identifies the Shipper and USDOT number as United Van Lines US DOT 077949

41.     Exhibit 6 identifies the truck was noted as being driven by Tony Pecheco

42.     United's Bill of Lading references a tariff applicable to transport of goods as No. UMT1 and applicable to United Van Lines, LLC. The first page of tariff UMT1 with effective date May 1, 2020 is attached as "Exhibit B".

43.     A sample of United's full tariff is in excess of 140 pages. United has never provided Plaintiffs with the full tariff provisions effective during the times at issue in this Complaint. The Bill of Lading references access to a tariff at www.unitedvanlines.com however, the tariff is not readily found by the general person on that website.

44.     In January 2022, when Plaintiffs household goods were packed, they were identified as being packed by "United Van Lines". The packing paperwork is attached as "Exhibit C" with order number UO178-00402-1.

45.     In January 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed by persons working for Defendant United Van Lines under the Bill of Lading, were listed in "Exhibit A", and were placed on a vehicle for transport to Florida by United Van Lines LLC.

46.     "Exhibit A" identifies Plaintiffs' order number as UO178-00402-1, and identifies minimal  damage to Plaintiffs' household goods when packed.

47.     In January 2022, Plaintiffs' goods were transported by United Van Lines from California to Florida.

48.     The subsequent correspondence identifies "Unigroup, C.A. as the parent company of United Van Lines LLC

49.     Plaintiffs' household goods were placed in storage by United Van Lines at Unigroup location during September 2021 to January 2022.

50.     While stored from September 2021 to January 2022, Plaintiff was told his householdgoods will be help until payment was of all fees were received and there for the items could not be accessed.

51.     Until March 2022. Plaintiff was invoiced by United's agent Unigroup Relocation Systems in which:

    a.   Unigroup is identified as a "shipper",

    b.   the invoices identify interstate shipping from California,

    c.   the invoices identify Plaintiffs' order number as UO178-00402-1,

    d.   Plaintiffs are charged for storage, "Property Insurance Surchg" and "Extended Valuation", and

    e.   the invoices reference a tariff.

52.     On January 30, 2022, a representative of Unigroup Relocation sent Stephen Starceski an email requesting for him to file a claim for the missing items.

53.     Soon thereafter, the Defendants offered to pay Mr. Starceski a mere $1,668 for his loss

54.     Mr. Starceski was forced to pay the full amount of the shipment before he could access or reclaim the contents.

55.     At the time the Defendant's demanded the balance of the fees they were well aware of the majority of Mr. Starceski's items being missing.

56.     A copy of a January 2022 invoice is attached as "Exhibit E".

57.     On January 18, 2020, Plaintiffs' household goods were delivered to Plaintiff by United and its agents, but were many items were found by Plaintiffs to be damaged or lost.

58.     Plaintiffs' household goods were damaged and later a picture was sent to Mr. Starceski asking him to pick through the mess to gather his items.  Picture is attached.

59.     On February 15, 2022, Defendant sent Mr Starceski pictures of Plaintiffs' damaged goods.

60.     United, as a motor carrier providing transportation of household goods is responsible for *all acts or omissions of any of its agents* which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

61.     Exhibit "A" and the portions of United Van Lines tariff UMT1 which have been provided to Plaintiffs, contain language that any claim for loss must be made by Plaintiffs within

9 months after delivery to "consignee". This indicates delivery to the named "consignee" in Exhibit "A" is the trigger as to when United's liability may end.

62.     On June 23, 2022, United's agent, Unigroup Relocation, sent Plaintiffs, through Mr Starceski, an e-mail stating, "The full value protection that you purchased is for any damage that occurs *during your move that is transit related*. If there is transit related damage to your furniture, *you will need to file a claim for that once you have received your shipment*." The e-mail is attached as Exhibit "G". Emphasis added.

63.     In Exhibit "G", United's agent has specifically identified "transit" to extend until goods were received by Plaintiffs. This represents to Plaintiffs that receipt by the "consignee" in Exhibit "A" is the trigger as to when United's liability may end.

64.     The Plaintiffs declared a Full Value Protection of $81,000.00 to their goods.

65.     The true value of the goods exceeds far over $100,000

66.     United's responsibilities under the Carmack Amendment were not extinguished until Plaintiffs' goods were packed in California, transported to Florida, transported within Florida, and received by Mr Starceski in Naples, Florida as the "consignee" as stated in the Bill of Lading.

67.     The Carmack Amendment provides that a carrier may not provide by rule, contract, or otherwise, a period of less than nine months for filing a claim against it.

68.     On April 7, 2022, Plaintiffs completed a "Claim Form" provided by United and submitted it to the Defendant United Van Lines and Unigroup. The ClaimForm is attached as "Exhibit F" and identifies the monetary losses to Plaintiffs' household goods.

69.     The Carmack Amendment provides that a carrier may not provide by rule, contract, or otherwise, a period of less than two years for bringing a civil action against it

computed from the date the carrier gives a person written notice that the carrier has disallowed any part of a claim specified in a notice of an offer of compromise.

70. Plaintiffs engaged in conversations of compromise with agents of United and filed this action within two years of any notice of disallowance.

71. Plaintiffs believed their household goods were insured in that Plaintiffs were repeatedly billed for "Property Insurance Surchg". See Exhibits E and G.

72. Plaintiffs are persons suffering injury to property damaged between their packing date in 2022 and the attempted delivery to Mr Starceski as consignee in January 2022.

73. Plaintiffs are persons suffering injury to property damaged because of the acts of employees and agents of United Van Lines, LLC.

74. Website https://www.vanlines.com- a is a location which identifies a "form" United Van Lines tariff UMT1 and contains language such as "when storage-in transit property has been placed into storage…both the carrier and warehouseman must have in their possession records showing…condition of each item when received at and forwarded from the storage location". As a result, United is in possession of records showing the condition of Plaintiffs' property in January 2022. United has not shared that documentation with Plaintiffs.

75. United and its agents hired persons to examine Plaintiffs' property after June 2022 who reported the condition to United and its agents. United and its agents have never provided that to Plaintiffs.

76. United is responsible for the itemized, valued and insured damage to Plaintiffs' goods while in the possession of United and its agents which was January 2022.

77. Plaintiffs have not been compensated for their losses set forth in this Count II.

78. Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiff, STEPHEN STARCESKI, demand judgment against Defendants UNITED VAN LINES, LLC, with relief to Plaintiffs as follows:

a) Complete refund of all feed paid by the Plaintiff for the Transport services,

b) An award of reasonable attorney fees,

c) An award of pre and post judgment interest as permitted by law,

d) An award of costs, and

e) Such other legal or equitable relief deemed appropriate.

## COUNT III
### Cause of Action under 49 U.S.C. §14706 against United Van Lines International

79.     This is a civil action for loss and damage against Defendant United Van Lines, International pursuant to 49 U.S.C. §14706 (The Carmack Amendment) which resulted from loss of, damage to and destruction of Plaintiffs' personal property occurring during United Van Lines, LLC's interstate transport, shipment, storage or handling of such goods and property from California to Florida continuing within Florida.

80.     This is a cause of action for damages in excess of $60,000.00.

81.     Plaintiffs reassert paragraphs 1-78 as if fully stated here.

82.     United Van Lines International (hereinafter referred to as UVLI) is a carrier as set forth in 49 U.S.C. Chapters 135 and

83.     UVLI was aware of the parties entering into a Bill of Lading for transport of their household goodsfrom California to Florida.

84.     UVLI and United Van Lines LLC has common ownership

85.     UVLI has a dot number separate from that of United Van Lines LLC.

86.     Exhibit 6 identifies the truck was noted as being driven by Tony Pecheco

87.     UVLI knew of the Bill of Lading referencing a tariff applicable to transport

of goods as No.UMT1 and applicable to United Van Lines, LLC. The first page of

tariff UMT1 with effectivedate May 1, 2020 is attached as Exhibit "7".

88.　　A sample of United's full tariff is in excess of 140 pages. United has never

provided Plaintiffs with the full tariff provisions effective during the times at issue in this

Complaint. The Bill of Lading references access to a tariff at https://quotes.northamerican.com/

however, the tariff is not readily found by the general person on that website.

89.　　https://quotes.northamerican.com/  was aware of when Plaintiffs

household goods were packed, they were identified as being packed by "United Van

Lines". The packing paperwork is attached asExhibit "8" with order number UO178-

00402-1.

90.　　In January 2022, over 450 of Plaintiffs' boxes, crates, furniture and

miscellaneous items were packed by persons working for Defendant United Van Lines

under the Bill of Lading, were listed in Exhibit "9", and were placed on a vehicle for

transport to Florida by United.

91.　　UVLI provides corporate support for United Van Lines LLC.

92.　　In January 2022, UVLI was aware of Plaintiffs' goods being transported

by United Van Lines from California to Florida.

93.　　The Bill of Lading identifies "Unigroup Relocation Systems" as an "Agent"

ofUnited Van Lines

94.　　UVLI was aware Plaintiffs' household goods were placed in storage by

United Van Lines atUnigroup Relocation from January 2022 to March 2022.

95.　　UVLI was aware that while stored from January 2022 to June 2022, Plaintiff

was told his householdgoods were in transit and could not be accessed.

96. UVLIMr. Starceski was forced to pay the full amount of the shipment before he could access or reclaim the contents.

97. At the time the Defendant's demanded the balance of the fees they were well aware of the majority of Mr. Starceski's items being missing.

98. A copy of an invoice is attached as Exhibit "E".

99. On January 18, 2020, UVLI was aware that Plaintiffs' household goods were delivered to consigneeMr Starceski by United and its agents, but were found by Plaintiffs to be damaged or lost.

100. Plaintiffs' household goods were damaged and later a picture was sent to Mr. Starceski asking him to pick through the mess to gather his items. Picture is attached.

101. On June 15, 2022, Plaintiffs sent United Van Lines agent, Unigroup Relocation,pictures of Plaintiffs' damaged goods.

102. UVLI, as a motor carrier providing transportation of household goods and being the parent or co-owner of United Van Lines LLC is responsible for *all acts or omissions of any of its agents* which relate to the performance of household goods transportation services (including accessorial or terminal services) and whichare within the actual or apparent authority of the agent from the carrier or which are ratified bythe carrier. As a result, any warehouseman, as agent, can still create liability for its carrier afterthe 180th day per the tariff section quoted above.

103. In Exhibit "G", United's agent has specifically identified "transit" to extend until goods were received by Plaintiffs. This represents to Plaintiffs that receipt by the "consignee" in Exhibit "A" is the trigger as to when United's liability may end.

104. The Plaintiffs declared a Full Value Protection of $60,000.00 to their goods.

105.    The true value of the goods exceeds far over $100,000

106.    United's responsibilities under the Carmack Amendment were not extinguished until Plaintiffs' goods were packed in California, transported to Florida, transported within Florida, and received by Mr Starceski in Naples, Florida as the "consignee" as stated in the Bill of Lading.

107.    The Carmack Amendment provides that a carrier may not provide by rule, contract, or otherwise, a period of less than nine months for filing a claim against it.

108.    On March 25, 2022, Plaintiffs completed a "Claim Form" provided by United and submitted it to United and its agents Unigroup Van Lines and Unigroup Relocation. The ClaimForm is attached as Exhibit "H" and identifies the monetary losses to Plaintiffs' household goods.

109.    The Carmack Amendment provides that a carrier may not provide by rule, contract, or otherwise, a period of less than two years for bringing a civil action against it computed from the date the carrier gives a person written notice that the carrier has disallowed any part of a claim specified in a notice of an offer of compromise.

110.    Plaintiffs engaged in conversations of compromise with agents of United and filed this action within two years of any notice of disallowance.

111.    Plaintiffs believed their household goods were insured in that Plaintiffs were repeatedly billed for "Property Insurance Surchg". See Exhibits E and G.

112.    Plaintiffs is a person suffering injury to property damaged between their packing date in 2021 and failed delivery in 2022.

113.    Plaintiff is a person suffering injury to property damaged because of the acts of employees and agents of UVLI and United Van Lines, LLC.

114.    United and its agents hired persons to examine Plaintiffs' property after January 2022who reported the condition to United and its agents. United and its agents have never provided that to Plaintiffs.

115.    UVLI is responsible for the itemized, valued and insured damage to Plaintiffs' goods while in the possession of United and its agents at the time of the loss.

116.    Plaintiff has not been compensated for their losses set forth in this Count III.

117.    Plaintiff has had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiff, STEPHEN STARCESKI, demand judgment against Defendant UNITED VAN LINES INTERNATIONAL with relief to Plaintiffs as follows:

    a)  Complete refund of all feed paid by the Plaintiff for the Transport services,

    b)  An award of reasonable attorney fees,

    c)  An award of pre and post judgment interest as permitted by law,

    d)  An award of costs, and

    e)  Such other legal or equitable relief deemed appropriate.


## COUNT IV
## Cause of Action under 49 U.S.C. §14706 against Unigroup LLC.

118.    This is a civil action for loss and damage against Defendant Unigroup Van Lines, Inc. pursuant to 49 U.S.C. §14706 (The Carmack Amendment) which resulted from loss of, damage to and destruction of Plaintiffs' personal property occurring during UnigroupVan Lines' interstate transport, shipment, storage or handling of such goods and property from California to Florida continuing within Florida.

119.    This is a cause of action for damages in excess of $60,000.00.

120.    Plaintiffs reassert paragraphs 1-117 as if fully stated here.

121.    Unigroup Van Lines is a carrier as set forth in 49 U.S.C. Chapters 135 and 147.

122.    Plaintiffs entered into a Bill of Lading for transport of their household goods from California to Florida identifying Plaintiffs "order number" as UO178-00402-1. A copy ofthe related Bill of Lading is attached as Exhibit "A".

123.    Exhibit A identifies the "consignee" as "Mr Starceski".

124.    In January 2022, when Plaintiffs household goods were packed, they were immortalized on a form in which "Unigroup" is identified as the "Contractor or Carrier" ofthe goods. .

125.    On February 7, 2014, Unigroup sent a letter to Mr Stephen Stardeski stating, "[t[hank you for allowing Unigroup /Van Lines to be a part of your relocation", with a website address of www.Unigroup.com. A copy of the letter is attached as Exhibit "I".

126.    Plaintiff was not told of the involvement of Unigroup in the shipping of his household items before hand.

127.    Plaintiff did not approve the use of a second shipper

128.    Plaintiff depended on Van Lines LLC to transport his Household goods to Florida safely and without any damage.

129.    United Van Lines Unilaterally determined to ship the overflow of Plaintiff;s goods with a different carrier.

130.    Until January 2022, Plaintiffs were invoiced by one of the Unigroup integrated entities in which:

a.  Mr Starceski is identified as a "shipper",

b.  the invoices identify interstate shipping from California,

c.  the invoices identify Plaintiffs' order number as UO178-00402-1,

    d.  Plaintiffs are charged for storage, "Property Insurance Surchg" and "Extended Valuation", and

    e.  the invoices reference a tariff.

131.    On January 2, 2022, Unigroup Van Lines integrated entity, Unigroup Relocation, sent Mr Starceski a letter alleging that United's liability under the Bill of Lading would cease on January 25, 2022. The letter is attached as Exhibit "D".

132.    However, after January 25, 2022, Plaintiffs were continually invoiced by Unigroup Relocation Systems in which:

    a.  Mr Starceski is identified as a "shipper",

    b.  the invoices identify interstate shipping from California,

    c.  the invoices identify Plaintiffs' order number as UO178-00402-1,

    d.  Plaintiffs are charged for storage, "Property Insurance Surchg" and "Extended Valuation", and

    e.  the invoices reference a tariff.

A copy of  invoice is attached as Exhibit "E".

133.    Around January 2022, Plaintiffs were told by Unigroup that Plaintiffs household goods were in a fire prior to delivery to Plaintiffs' residence.

134.    United has produced only a small portion of its tariff which provides that where goods are not removed from storage-in-transit at midnight on the 150th day ... the warehouse location shall be considered the destination of the property, the warehouseman shall be agent for the shipper, and the property shall then be subject to the rules, regulations and charges of the warehouseman.

135.    Neither "warehouse" nor "warehouseman" are specified in the Bill of Lading.

136.    United, as a motor carrier providing transportation of household goods is responsible for *all acts or omissions of any of its agents* which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier. As a result, any warehouseman, as agent, can still create liability for its carrier after the 180th day per the tariff section quoted above.

137.    Exhibit "A" and the portions of United Van Lines tariff UMT1 which have been provided to Plaintiffs, contain language that any claim for loss must be made by Plaintiffs within 9 months after delivery to "consignee". This indicates delivery to the named "consignee" in Exhibit "A" is the trigger as to when United's liability may end.

138.    On June 23, 2022, Unigroup Relocation, sent Plaintiffs, through Mr Starceski, ane-mail stating, "The full value protection that you purchased is for any damage that occurs *during your move that is transit related*. If there is transit related damage to your furniture, *you will need to file a claim for that once you have received your shipment*." The e-mail is attached as Exhibit "G". Emphasis added.

139.    In Exhibit "G", Unigroup has specifically identified "transit" to extend until goodswere received by Plaintiffs. This represents to Plaintiffs that receipt by the "consignee" in Exhibit "A" is the trigger as to when United's liability may end.

140.    The Steve Stardeski wish to declare a Full Value Protection of $200,000.00 to his goods.

141.    Unigroup Van Lines' responsibilities under the Carmack Amendment were not extinguished until Plaintiffs' goods were transported within Florida, and delivered to Mr. Steve Starceski.

142.    The Carmack Amendment provides that a carrier may not provide by rule,

contract, or otherwise, a period of less than nine months for filing a claim against it.

143. On April 7, 2022, Plaintiffs completed a "Claim Form" and submitted it to Unigroup Van Lines by way of a letter of settlement. The Claim Form is attached as Exhibit "H" and identifies the monetary losses to Plaintiffs' household goods.

144. The Carmack Amendment provides that a carrier may not provide by rule, contract, or otherwise, a period of less than two years for bringing a civil action against it computed from the date the carrier gives a person written notice that the carrier has disallowed any part of a claim specified in a notice of an offer of compromise.

145. Plaintiffs engaged in conversations of compromise with Unigroup Van Lines and its insurer and filed this action within two years of any notice of disallowance.

146. Plaintiffs are persons suffering injury to property damaged between their packing date in 2021 and the attempted delivery to in JJanuary 2022.

147. Stephen Starceski is a persons suffering injury to property damaged because of the acts of employees and agents of Unigroup Van Lines.

148. United and its Unigroup agents hired persons to examine Plaintiffs' property after January 2022 who reported the condition to Unigroup and its agents. No one has ever provided that to Plaintiffs.

149. Unigroup Van Lines is proportionately responsible for the itemized, valued and insured damage to Plaintiffs' goods while in the possession of Unigroup Van Lines and its agents which was during January of 2022.

150. Stephen Staceski has not been compensated for their losses set forth in this Count IV.

151. Stephen Staceski has had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiffs, Stephen Starceski demands judgment against Defendant UNIGROUP VAN LINES, INC. with relief to Plaintiffs as follows:

a)  Complete refund of all feed paid by the Plaintiff for the Transport services,

b)  An award of reasonable attorney fees,

c)  An award of pre and post judgment interest as permitted by law,

d)  An award of costs, and

e)  Such other legal or equitable relief deemed appropriate.

## COUNT V
## Cause of Action under 49 U.S.C. §14706 against TRAVELERS CASUALTY & SURETY CO. OF AMERICA

152.    This is a civil action for loss and damage against Defendant Travelers Casualty & Surety pursuant to 49 U.S.C. §14706 (The Carmack Amendment) which resulted from loss of, damage to and destruction of Plaintiffs' personal property occurring during interstate transport, shipment, storage or handling of such goods and property from California to Florida continuing within Florida.

153.    Travelers Casualty & Surety is th insurer of the defendant through and is listed on the Department of Transportation as the insurer of the defendant.

154.    This is a cause of action for damages in excess of $100,000.00.

155.    Plaintiffs reassert paragraphs 1-151 as if fully stated here.

156.    Stephen Staceski has not been compensated for their losses set forth in this Count V.

157.    Stephen Staceski has had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiff, STEPHEN STARCESKI, demand judgment against Defendant Travelers Casualty & Surety with relief to Plaintiffs as follows:

a) Money damages as compensation for all loss and damage to personal property caused by the Defendant's conduct,

b) An award of reasonable attorney fees,

c) An award of pre and post judgment interest as permitted by law,

d) An award of costs, and

e) Such other legal or equitable relief deemed appropriate.

## <u>COUNT VI</u>
## <u>Cause of Action under 49 U.S.C. §14706 against VANLINER INSURANCE COMPANY</u>

158.    This is a civil action for loss and damage against Defendant Vanliner Insurance Company pursuant to 49 U.S.C. §14706 (The Carmack Amendment) which resulted from loss of, damage to and destruction of Plaintiffs' personal property occurring during  interstate transport, shipment, storage or handling of such goods and property from California to Florida continuing within Florida.

159.    Vanliner Insurance Company is th insurer of the defendant through and is listed on the Department of Transportation as the insurer of the defendant.

160.    This is a cause of action for damages in excess of $100,000.00.

161.    Plaintiffs reassert paragraphs 1-157 as if fully stated here.

162.    Stephen Staceski has not been compensated for their losses set forth in this Count V.

163.    Stephen Staceski has had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiff, STEPHEN STARCESKI, demand judgment against Defendant Vanliner Insurance Company with relief to Plaintiffs as follows:

f) Money damages as compensation for all loss and damage to personal property

caused by the Defendant's conduct,

g) An award of reasonable attorney fees,

h) An award of pre and post judgment interest as permitted by law,

i) An award of costs, and

j) Such other legal or equitable relief deemed appropriate.

## COUNT VII
## Cause of Action for Negligence against Unigroup

164.   Negligence, sometimes referred to as "ordinary negligence" for the purpose of

distinguishing it from culpable negligence, is defined in the Florida Standard

Jury Instructions as failure to use reasonable care. Reasonable care is that

degree of care which a reasonably careful person would use under like

circumstances. Negligence may consist either in doing something that a

reasonably careful person would not do under like circumstances or in failing

to do something that a reasonably careful person would do under like

circumstances.  Chieves v. State, Florida First District Court of Appeal| Mar

11, 1976|328 So. 2d 264

165.   This is a cause of action for damages in excess of $100,000.00.

166.   Plaintiffs reassert paragraphs 1-158 as if fully stated here.  In 2022, over 450

of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

167.   At the time of packing, Plaintiffs order was assigned "order number"

UO178-00402-1.

168.   Plaintiffs' household goods were transported from California to Florida in

2022 by United Van Lines and/or United's agent Unigroup Van Lines with Parent company

of United Van Lines International

169.    On February 7, 2014, Unigroup Relocation sent a letter to Stephen Starceski stating, "[t]hank you for allowing Unigroup Van Lines to be a part of your relocation" and "[w]e trust thatour services have met with your expectations". A copy of the letter is attached as Exhibit "I".

170.    Unigroup van Lines was responsible for delivering the goods of Mr. Starceski without damage.

171.    Unigroup Van Lines was responsible to keep the Plaintiff, Steven Starceski in formed of all material facts concerning the shipment of his household goods.

172.    Inigroup was responsible for hiring proper and qualified employees to handle the matters concerning the shipment of Mr. Starceski's household goods

173.    Unigroup failed inform Mr. Starceski of all material matters concerning the shipment of his goods when they failed to provide any information whatsoever n the supposed fire of a portion of the shipment,

174.    Defendant also failed hire proper and responsible employees to handle the proper shipment of Mr. Starceski.

175.    Under United's tariff, it had knowledge of any change in the condition of Plaintiffs' goods as of January 18, 2022.

176.    No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

177.    From January 18, 2022 through February 2022, Unigroup Van Lines and/or agentsof Unigroup Van Lines negligently held, transported, loaded, unloaded, or stored Plaintiffs' property.

178.    The Full Value of Plaintiff's shipment was over $300,000.

179.    United Van Lines and Van Lines International and/or UnigroupVan Lines negligently lost property, destroyed property and delivered a significant portion of Plaintiffs' property in substantially-damaged condition between January 18, 2022 and through February 2022.

180.    Unigroup Van Lines is proportionately responsible for the itemized, valued andinsured damage to Plaintiffs' goods while in the possession of Unigroup Van Lines and/or Unigroup Van Line's agents between January 18, 2022 and through February 2022.

181.    Plaintiffs seek reimbursement for any and all losses, damages and delays that were the result of Unigroup Van Line's proportional negligent and careless transport, handling and/or storage of Plaintiffs' goods and property between January 18, 2022 and through February 2022.

182.    As a direct result of the loss, damage and delay to the Plaintiffs' personal goods and property caused by Unigroup Van Line's actions or failures, Plaintiffs have suffered loses and/or damages.

WHEREFORE, Plaintiff, STEPHEN STARCESKI, demand judgment against Defendants UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC, and Nadia A. Gajardo, with relief to Plaintiffs as follows:

     a)    Money damages as compensation for all loss and damage to personal property caused by the Defendant's conduct,

     b)    An award of pre and post judgment interest as permitted by law,

c) An award of costs, and

d) Such other legal or equitable relief deemed appropriate.

## COUNT VIII
## Cause of Action for Negligence against UNITED VAN LINES INTERNATIONAL

183.    Negligence, sometimes referred to as "ordinary negligence" for the purpose of

distinguishing it from culpable negligence, is defined in the Florida Standard

Jury Instructions as failure to use reasonable care. Reasonable care is that

degree of care which a reasonably careful person would use under like

circumstances. Negligence may consist either in doing something that a

reasonably careful person would not do under like circumstances or in failing

to do something that a reasonably careful person would do under like

circumstances.  Chieves v. State, Florida First District Court of Appeal| Mar

11, 1976|328 So. 2d 264

184.    This is a cause of action for damages in excess of $100,000.00.

185.    Plaintiffs reassert paragraphs 1-158 as if fully stated here.  In 2022, over 450

of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

186.    At the time of packing, Plaintiffs order was assigned "order number"

UO178-00402-1.

187.    Plaintiffs' household goods were transported from California to Florida in

2022 by United Van Lines and/or United's agent Unigroup Van Lines with Parent company

of United Van Lines International

188.    United Van Lines International had a duty to hire qualified executives for United

Van Lines LLC branch of their trucking operation.

189.    United Van Lines International had a duty to ensure Mr. Starceski had all

relevant information concerning the destruction of his property

190.    Because Mr. Starceski was not provided all information concerning his

damaged property, he was unable to seek coverage from his own insurance policy.

191.    But for the lack of information concerning the damage, Mr. Starceski could

have applied to be compensated for the items through his insurance.

192.    United Van Lines International was responsible for delivering the goods of

Mr. Starceski without damage.

193.    United Van Lines International Van Lines was responsible to keep the

Plaintiff, Steven Starceski in formed of all material facts concerning the shipment of his

household goods.

194.    United Van Lines International was responsible for hiring proper and

qualified employees to handle the matters concerning the shipment of Mr. Starceski's

household goods

195.    United Van Lines International failed inform Mr. Starceski of all material

matters concerning the shipment of his goods when they failed to provide any information

whatsoever n the supposed fire of a portion of the shipment,

196.    Defendant also failed hire proper and responsible employees to handle the

proper shipment of Mr. Starceski.

197.    Under United's tariff, it had knowledge of any change in the condition of

Plaintiffs' goods as of January 18, 2022.

198.    No one has ever identified any damage to Plaintiffs' property as of January 18,

2022.

199.    From January 18, 2022 through February 2022, Unigroup Van Lines and/or

agentsof Unigroup Van Lines negligently held, transported, loaded, unloaded, or stored Plaintiffs' property.

200.    The Full Value of Plaintiff's shipment was over $300,000.

201.    United Van Lines and Van Lines International and/or UnigroupVan Lines negligently lost property, destroyed property and delivered a significant portion of Plaintiffs' property in substantially-damaged condition between January 18, 2022 and through February 2022.

202.    United Van Lines International Van Lines is proportionately responsible for the itemized, valued andinsured damage to Plaintiffs' goods while in the possession of Unigroup Van Lines and/or Unigroup Van Line's agents between January 18, 2022 and through February 2022.

203.    Plaintiffs seek reimbursement for any and all losses, damages and delays that were the result of United Van Lines International's proportional negligent and careless transport, handling and/or storage of Plaintiffs' goods and property between January 18, 2022 and through February2022.

204.    As a direct result of the loss, damage and delay to the Plaintiffs' personal goods and property caused by United Van Lines International 's actions or failures, Plaintiffs have suffered loses and/or damages.

WHEREFORE, Plaintiff, STEPHEN STARCESKI, demand judgment against Defendants UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC, and Nadia A. Gajardo, with relief to Plaintiffs as follows:

e)  Money damages as compensation for all loss and damage to personal property caused by the Defendant's conduct,

f)  An award of pre and post judgment interest as permitted by law,

g)  An award of costs, and

h)  Such other legal or equitable relief deemed appropriate.

### COUNT IX
### Cause of Action for Negligence against UNITED VANLINES LLC

205.   This is a cause of action for damages in excess of $100,000.00.

206.   Plaintiffs reassert paragraphs 1-204 as if fully stated here.

207.   This is a cause of action for damages in excess of $100,000.00.

208.   In 2021, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

209.   At the time of packing, Plaintiffs order was assigned "order number" UO178-00402-1.

210.   Plaintiffs' household goods were transported from California to Florida in 2022 by United Van Lines and/or United's agent Unigroup Van Lines with Parent company of United Van Lines International

211.   United Van Lines LLC was responsible to choose a competent third party to deliver the excess of Mr Starceski's items to the designated location in Florida without damage to the household items.

212.   United Van Lines LLC had the ultimate responsibility for delivering the goods of Mr. Starceski without damage.

213.   United Van Lines LLC responsible to keep the Plaintiff, Steven Starceski in formed of all material facts concerning the shipment of his household goods.

214.    United Van Lines LLC failed to choose a responsible third party to deliver the excess goods

215.    United Van Lines LLC failed to have the items of Mr. Starceski delivered without damage

216.    United Van Lines LLC failed to keep Mr. Starceski informed of all material facts concerning the destruction of his property.

217.    United Van Lines LLC was responsible for hiring proper and qualified employees to handle the matters concerning the shipment of Mr. Starceski's household goods

218.    United Van Lines LLC failed inform Mr. Starceski of all material matters concerning the shipment of his goods when they failed to provide any information whatsoever n the supposed fire of a portion of the shipment,

219.    Defendant also failed hire proper and responsible employees to handle the proper shipment of Mr. Starceski.

220.    Under United's tariff, it had knowledge of any change in the condition of Plaintiffs' goods as of January 18, 2022.

221.    No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

222.    From January 18, 2022 through February 2022, Unigroup Van Lines and/or agentsof Unigroup Van Lines negligently held, transported, loaded, unloaded, or stored Plaintiffs' property.

223.    The Full Value of Plaintiff's shipment was over $300,000.

224.    United Van Lines and Van Lines International and/or UnigroupVan Lines negligently lost property, destroyed property and delivered a significant portion of Plaintiffs'

property in substantially-damaged condition between January 18, 2022 and through February 2022.

225.     United Van Lines LLC is proportionately responsible for the itemized, valued andinsured damage to Plaintiffs' goods while in the possession of Unigroup Van Lines and/or Unigroup Van Line's agents between January 18, 2022 and through February 2022.

226.     Plaintiffs seek reimbursement for any and all losses, damages and delays that were the result of United Van Lines LLC's proportional negligent and careless transport, handling and/or storage of Plaintiffs' goods and property between January 18, 2022 and through February2022.

227.     As a direct result of the loss, damage and delay to the Plaintiffs' personal goods and property caused by United Van Lines LLC's actions or failures, Plaintiffs have suffered loses and/or damages.

WHEREFORE, Plaintiff, STEPHEN STARCESKI, demand judgment against Defendants UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC, and Nadia A. Gajardo, with relief to Plaintiffs as follows:

     i)   Money damages as compensation for all loss and damage to personal property caused by the Defendant's conduct,

     j)   An award of pre and post judgment interest as permitted by law,

     k)   An award of costs, and

     l)   Such other legal or equitable relief deemed appropriate.

## COUNT X

**Cause of Action for Negligence against TRAVELERS CASUALTY & SURETY CO. OF AMERICA**

228.   This is a cause of action for damages in excess of $100,000.00.

229.   Plaintiffs reassert paragraphs 1-227 as if fully stated here.

230.   In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed. See Exhibit "C".

231.   Van Liner Insurance Company is the insurance company for the defendants

232.   Through the insurance policy of the defendants, Travelers Casualty & Surety Company is responsible for acts of negligence in the ordinary course of business

233.   Transporting the household goods for the Plaintiff, Mr. Steve Starceski was completed in the ordinary course of business for United Van Lines LLC

234.   Transporting the household goods for the Plaintiff, Mr. Steve Starceski was completed in the ordinary course of business for Unigroup.

235.   Transporting the household goods for the Plaintiff, Mr. Steve Starceski was completed in the ordinary course of business for United Van lines International.

236.   From January 25, 2022 through February 2022, United Van Lines LLC, United Van Lines International and Unigroup negligently held, transported, loaded, unloaded, orstored Plaintiffs' property.

237.   The Plaintiffs Full Value Protection of the shipment exceeded $300,000.00 to their goods.

238.   On April 11, 2022, Plaintiffs completed a "Claim Form" submitted to United Van Lines LLC. The Claim Form was in the form of a letter from Plaointiffs' Attorney submitted to the Defednat..

239.     United Van Lines, Unigroup and/or UnigroupVan Lines and or United Van Lines International negligently lost property, destroyed property and delivered a significant portion of Plaintiffs' property in substantially-damaged condition between January 25, 2022 and throughFebruary 2022 and failed to deliver the damaged goods.

240.     The insured of the Defendants is proportionately responsible for the itemized, valued and insured damage to Plaintiffs' goods while in the possession of United Van Lines LLC/Unigroup/ United Van Lines International (Hereinafter Referred to as "Defending Transporters") Relocationand/or Unigroup Relocation's agents between January 25, 2022 and through February 2022.

241.     Plaintiffs seek reimbursement for any and all losses, damages and delays that were the result of the Defending Transporters negligent and careless transport, handling and/or storage of Plaintiffs' goods and property between January 2022 and through February2022.

242.     As a direct result of the loss, damage and delay to the Plaintiffs' personal goods and property caused by the Defending Transporters actions or failures, Plaintiffs have suffered losesand/or damages.

WHEREFORE, Plaintiffs, STEPHEN STARCESKI, demand judgment against Defendants UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC, and Nadia A. Gajardo , with relief to Plaintiffs as follows:

a) Money damages as compensation for all loss and damage to personal property caused by the Defendant's conduct,

b) An award of pre and post judgment interest as permitted by law,

c) An award of costs, and

d) Such other legal or equitable relief deemed appropriate.

## COUNT XI
### Cause of Action for Negligence against VANLINER INSURANCE COMPANY

243.    This is a cause of action for damages in excess of $100,000.00.

244.    Plaintiffs reassert paragraphs 1-227 as if fully stated here.

245.    In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed. See Exhibit "C".

246.    Travelers Casualty & Surety Company is the insurance company for the defendants

247.    Through the insurance policy of the defendants, Travelers Casualty & Surety Company is responsible for acts of negligence in the ordinary course of business

248.    Transporting the household goods for the Plaintiff, Mr. Steve Starceski was completed in the ordinary course of business for United Van Lines LLC

249.    Transporting the household goods for the Plaintiff, Mr. Steve Starceski was completed in the ordinary course of business for Unigroup.

250.    Transporting the household goods for the Plaintiff, Mr. Steve Starceski was completed in the ordinary course of business for United Van lines International.

251.    From January 25, 2022 through February 2022, United Van Lins LLC, United Van Lines International and Unigroup negligently held, transported, loaded, unloaded, orstored Plaintiffs' property.

252.    The Plaintiffs Full Value Protection of the shipment exceeded $300,000.00 to their goods.

253.    On April 11, 2022, Plaintiffs completed a "Claim Form" submitted to

United Van Lines LLC. The Claim Form was in the form of a letter from Plaointiffs'

Attorney submitted to the Defednat..

254.     United Van Lines, Unigroup and/or UnigroupVan Lines and or United Van

Lines International negligently lost property, destroyed property and delivered a significant

portion of Plaintiffs' property in substantially-damaged condition between January 25, 2022 and

throughFebruary 2022 and failed to deliver the damaged goods.

255.     The insured of the Defendants is proportionately responsible for the itemized,

valued and insured damage to Plaintiffs' goods while in the possession of United Van Lines

LLC/Unigroup/ United Van Lines International (Hereinafter Referred to as "Defending

Transporters") Relocationand/or Unigroup Relocation's agents between January 25, 2022 and

through February 2022.

256.     Plaintiffs seek reimbursement for any and all losses, damages and delays that

were the result of the Defending Transporters negligent and careless transport, handling and/or

storage of Plaintiffs' goods and property between January 2022 and through February2022.

257.     As a direct result of the loss, damage and delay to the Plaintiffs' personal goods

and property caused by the Defending Transporters actions or failures, Plaintiffs have suffered

losesand/or damages.

WHEREFORE, Plaintiffs, STEPHEN STARCESKI, demand judgment against

Defendants UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC,

VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA,

VANLINER INSURANCE COMPANY, UNIGROUP, LLC, and Nadia A. Gajardo , with relief

to Plaintiffs as follows:

e)  Money damages as compensation for all loss and damage to personal property

caused by the Defendant's conduct,

f) An award of pre and post judgment interest as permitted by law,

g) An award of costs, and

h) Such other legal or equitable relief deemed appropriate.


## COUNT XII
## Cause of Action for Negligence against VALERIE J. PACER

258.    This is a cause of action for damages in excess of $15,000.00.

259.    Plaintiffs reassert paragraphs 1-28 as if fully stated here.

260.    In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed. See Exhibit "C".

261.    At the time of packing, Plaintiffs order was assigned "order number" U0178-004021.

262.    Plaintiffs' household goods were transported from California to Florida in 2022 by United Van Lines and/or Unigroup Van Lines.

263.    On February 7, 2022, Unigroup Relocation sent a letter to Mr Starceski stating, "[t]hank you for allowing Unigroup Van Lines to be a part of your relocation" and "[w]e trust thatour services have met with your expectations". A copy of the letter is attached as Exhibit "I".

264.    In January 2022, Plaintiffs' household goods were placed in storage with UnigroupRelocation Systems.

265.    From 2021 through 2022, Unigroup Relocation Systems invoiced Plaintiffs forstorage under order number U0178-004021.

266.    While stored from January 2022 to February 2022, Plaintiffs were told by

Unigroup's agents that Plaintiffs' household goods were stored in large "vaults" and could not be accessedby Plaintiffs.

267.   On January 17, 2022, Unigroup Relocation sent Mr Starceski a letter alleging to Mr. Juda that United's liability under the Bill of Lading (Exhibit "A") and the federal Carmack Amendment would cease on January 25, 2022. The letter is attached as Exhibit "D".

268.   On January 2022, Unigroup Van Lines, sent Mr Starceski an e-mail invoice with invoice number U0178-004021for "Juda Storage and Move to Naples" which is attached as Exhibit"J".

269.   Plaintiffs' goods were presented to United Van Lines, and Unigroup Van Lines in good condition in January 2022.

270.   Plaintiffs goods were in the possession of United Van Lines, Unigroup on and after January 30, 2022.

271.   Website https://www.pdffiller.com/jsfiller-desk18/?projectId=388497147#a095cidentifies acdb0ee064e18d2cee2d215dbf5a is a location which identifies a "form" United Van Lines tariff UMT1 and contains language that when property has been placed into storage under the Carmack Amendment, "both the carrier and warehouseman must have in their possession records showing…condition of each item when received at and forwarded from the storage location". As a result, Unigroup's agents had access torecords showing the condition of Plaintiffs' property on January 25, 2022 and in February 2022 when the property left storage. No one has shared that information with Plaintiffs.

272.   Under United's tariff, it had knowledge of any change in the condition of Plaintiffs' goods as of January 25, 2022. As a result, its agent Unigroup Relocation had such knowledge.

273.    No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

274.    On June 13, 2022, Plaintiffs' household goods were delivered to Plaintiffs residence in Naples, Florida and Plaintiffs' household goods were damaged and lost.

275.    Under United's tariff, it had knowledge of any change in the condition of Plaintiffs' goods as of June 2022. No one has shared that with Plaintiffs.

276.    Agents of the Unigroup integrated entities hired persons to examine Plaintiffs' property after June 2022 who reported the condition to those entities. No one has provided that to Plaintiffs'.

277.    From January 25, 2022 through February 2022, Unigroup Relocation Systems and/or agents of Unigroup Relocation Systems negligently held, transported, loaded, unloaded, orstored Plaintiffs' property.

278.    The Plaintiffs declared a Full Value Protection of $200,000.00 to their goods.

279.    On September 6, 2022, Plaintiffs completed a "Claim Form" submitted to Unigroup Relocation Systems and its agents. The Claim Form is attached as Exhibit "H" andidentifies the monetary losses to Plaintiffs' household goods.

280.    United Van Lines, Unigroup Relocation Systems of St. Petersburg, and/or UnigroupVan Lines negligently lost property, destroyed property and delivered a significant portion of Plaintiffs' property in substantially-damaged condition between January 25, 2022 and throughFebruary 2022.

281.    Unigroup Relocation Systems is proportionately responsible for the itemized, valued and insured damage to Plaintiffs' goods while in the possession of Unigroup Relocationand/or Unigroup Relocation's agents between January 25, 2022 and through

February 2022.

282.    Plaintiffs seek reimbursement for any and all losses, damages and delays that were the result of Unigroup Relocation's proportional negligent and careless transport, handling and/or storage of Plaintiffs' goods and property between January 25, 2022 and through February 2022.

283.    As a direct result of the loss, damage and delay to the Plaintiffs' personal goods and property caused by Unigroup Relocation's actions or failures, Plaintiffs have suffered loses and/or damages.

WHEREFORE, Plaintiffs, STEPHEN STARCESKI, demand judgment against Defendants UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC, and Nadia A. Gajardo , with relief to Plaintiffs as follows:

i)    Money damages as compensation for all loss and damage to personal property caused by the Defendant's conduct,

j)    An award of pre and post judgment interest as permitted by law,

k)    An award of costs, and

l)    Such other legal or equitable relief deemed appropriate.

## COUNT XIII
## Cause of Action for Breach of Written Contract against UNITED VAN LINES, LLC

284.    The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the

breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance. The essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.  Rollins, Inc. v. Butland,  Florida Second District Court of Appeal|Jun 30, 2006|932 So. 2d 1172

285.   This is a cause of action for damages in excess of $60,000.00.

286.   Plaintiffs reassert paragraphs 1-283 as if fully stated here.

287.   In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

288.    At the time of packing, Plaintiffs order was assigned "order number" UO178-00402-1.

289.    Exhibit "C" identifies items taken in possession in January 2022 and identifiesminimal damage to Plaintiffs' household goods when packed.

290.    Plaintiffs' household goods were transported from California to Florida in 2022 by United Van Lines and/or Unigroup Van Lines.

291.    From 2021 through 2022, Unigroup Relocation Systems invoiced Plaintiffs for storage under order number UO178-00402-1 in which:

292.    Plaintiffs' goods were presented to United Van Lines and Unigroup in good condition in January 2022.

293.    Plaintiffs goods were in the possession of Unigroup Relocation Systems of St. Petersburg on and after January 25, 2022.

294.    Under United's tariff, Unigroup Relocation had knowledge of any change in thecondition of Plaintiffs' goods as of January 25, 2022.

295.    No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

296.    On February 7, 2014, Unigroup Relocation sent a letter to Mr Starceski stating, "we never received a warehouse receipt signed by you" and that the "terms and conditions of the warehouse receipt govern Unigroup's liability in connection with your goods".

297.    While being transported by Unigroup , Plaintiffs were told by Unigroup's agentsthat Plaintiffs' some of household goods were destroyed by fire.

298.    On February 7, 2022, Unigroup Van Lines sent Mr Starceski an e-mail invoice with invoice.

299.     After February 11, 2022, Unigroup agents attempted delivery of Plaintiffs' damage household goods by asking him to come pilfer through the damaged even though that particular container and the contents thereof were completely destroyed.

300.     Agents of Unigroup hired persons to examine Plaintiffs' property after February 2022 who reported the condition to Unigroup. No one has provided that to Plaintiffs.

301.     The Plaintiffs true full value of items is over of $300,000.00.

302.     Plaintiffs have made demand for payment for damages to their property but they have received no payment.

303.     Unigroup can receive all necessary costs and expenses, including reasonable attorneys' fees in connection with litigation. Florida law provides that sucha provision will be mutual for the prevailing parties.

304.     For good consideration, Plaintiffs contracted with Unigroup Relocation for thesafe storage and delivery of their property in good condition.

305.     Unigroup is an integrated entity with Unigroup Van Lines for storageand transport of Plaintiffs goods.

306.     Unigroup and its integrated entity, Unigroup Van Lines, were in possession of Plaintiffs' goods under the Warehouse Receipt after January 25, 2022.

307.     Unigroup Relocation and its integrated entity, Unigroup Van Lines, breached the Warehouse Receipt by losing and destroying Plaintiffs' property, delivering a significant portion of Plaintiffs' property in a substantially-damaged condition,

308.     Plaintiffs have suffered related loses and/or damages.

309.     Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiffs, Stephen Starceski, demand judgment against Defendant,

UNIGROUP LLCUNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC,

VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA,

VANLINER INSURANCE COMPANY, UNIGROUP, LLC, with relief toPlaintiffs as follows:

a) Money damages as compensation for all loss and damage to personal property caused by the Defendants' conduct,

b) An award of reasonable attorney fees,

c) An award of pre and post judgment interest as permitted by law,

d) An award of costs, and

e) Such other legal or equitable relief deemed appropriate.

## COUNT XIV

## Cause of Action for Breach of Written Contract againstUNITED VAN LINES INTERNATIONAL

310. The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance. The essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.  Rollins, Inc. v. Butland,  Florida Second District Court of Appeal|Jun 30, 2006|932 So. 2d 1172

311. This is a cause of action for damages in excess of $60,000.00.

312. Plaintiffs reassert paragraphs 1-283 as if fully stated here.

313.   In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

314.    At the time of packing, Plaintiffs order was assigned "order number" UO178-00402-1.

315.    Exhibit "C" identifies items taken in possession in January 2022 and identifiesminimal damage to Plaintiffs' household goods when packed.

316.    Plaintiffs' household goods were transported from California to Florida in 2022 by United Van Lines and/or Unigroup Van Lines.

317.    From 2021 through 2022, Unigroup Relocation Systems invoiced Plaintiffs for storage under order number UO178-00402-1 in which:

318.    Plaintiffs' goods were presented to United Van Lines and Unigroup in good condition in January 2022.

319.    Plaintiffs goods were in the possession of Unigroup Relocation Systems of St. Petersburg on and after January 25, 2022.

320.    Under United's tariff, Unigroup Relocation had knowledge of any change in the condition of Plaintiffs' goods as of January 25, 2022.

321.    No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

322.    On February 7, 2014, Unigroup Relocation sent a letter to Mr Starceski stating, "we never received a warehouse receipt signed by you" and that the "terms and conditions of the warehouse receipt govern Unigroup's liability in connection with your goods".

323.    While being transported by Unigroup , Plaintiffs were told by Unigroup's agentsthat Plaintiffs' some of household goods were destroyed by fire.

324.    On February 7, 2022, Unigroup Van Lines sent Mr Starceski an e-mail invoice with invoice.

325.    After February 11, 2022, Unigroup agents attempted delivery of Plaintiffs' damage household goods by asking him to come pilfer through the damaged even though that particular container and the contents thereof were completely destroyed.

326.    Agents of Unigroup hired persons to examine Plaintiffs' property after February 2022 who reported the condition to Unigroup. No one has provided that to Plaintiffs.

327.    The Plaintiffs true full value of items is over of $300,000.00.

328.    Plaintiffs have made demand for payment for damages to their property but they have received no payment.

329.    Unigroup can receive all necessary costs and expenses, including reasonable attorneys' fees in connection with litigation. Florida law provides that sucha provision will be mutual for the prevailing parties.

330.    For good consideration, Plaintiffs contracted with Unigroup Relocation for thesafe storage and delivery of their property in good condition.

331.    Unigroup is an integrated entity with Unigroup Van Lines for storageand transport of Plaintiffs goods.

332.    Unigroup and its integrated entity, Unigroup Van Lines, were in possession of Plaintiffs' goods under the Warehouse Receipt after January 25, 2022.

333.    Unigroup Relocation and its integrated entity, Unigroup Van Lines, breached the Warehouse Receipt by losing and destroying Plaintiffs' property, delivering a significant portion of Plaintiffs' property in a substantially-damaged condition,

334.    Plaintiffs have suffered related loses and/or damages.

335.    Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiffs, Stephen Starceski, demand judgment against Defendant,

UNIGROUP LLCUNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC,

VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA,

VANLINER INSURANCE COMPANY, UNIGROUP, LLC, with relief toPlaintiffs as follows:

f)   Money damages as compensation for all loss and damage to personal property caused by the Defendants' conduct,

g)   An award of reasonable attorney fees,

h)   An award of pre and post judgment interest as permitted by law,

i)   An award of costs, and

j)   Such other legal or equitable relief deemed appropriate.

### COUNT XV
### Cause of Action for Breach of Written Contract against
### Unigroup LLC

336.   The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance. The essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.  Rollins, Inc. v. Butland,  Florida Second District Court of Appeal|Jun 30, 2006|932 So. 2d 1172

337.   This is a cause of action for damages in excess of $60,000.00.

338.   Plaintiffs reassert paragraphs 1-283 as if fully stated here.

339.    In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

340.    At the time of packing, Plaintiffs order was assigned "order number" UO178-00402-1.

341.    Exhibit "C" identifies items taken in possession in January 2022 and identifiesminimal damage to Plaintiffs' household goods when packed.

342.    Plaintiffs' household goods were transported from California to Florida in 2022 by United Van Lines and/or Unigroup Van Lines.

343.    From 2021 through 2022, Unigroup Relocation Systems invoiced Plaintiffs for storage under order number UO178-00402-1 in which:

344.    Plaintiffs' goods were presented to United Van Lines and Unigroup in good condition in January 2022.

345.    Plaintiffs goods were in the possession of Unigroup Relocation Systems of St. Petersburg on and after January 25, 2022.

346.    Under United's tariff, Unigroup Relocation had knowledge of any change in the condition of Plaintiffs' goods as of January 25, 2022.

347.    No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

348.    On February 7, 2014, Unigroup Relocation sent a letter to Mr Starceski stating, "we never received a warehouse receipt signed by you" and that the "terms and conditions of the warehouse receipt govern Unigroup's liability in connection with your goods".

349.    While being transported by Unigroup , Plaintiffs were told by Unigroup's agentsthat Plaintiffs' some of household goods were destroyed by fire.

350.    On February 7, 2022, Unigroup Van Lines sent Mr Starceski an e-mail invoice with invoice.

351.    After February 11, 2022, Unigroup agents attempted delivery of Plaintiffs'

damage household goods by asking him to come pilfer through the damaged even though that

particular container and the contents thereof were completely destroyed.

352.    Agents of Unigroup hired persons to examine Plaintiffs' property after February

2022 who reported the condition to Unigroup. No one has provided that to Plaintiffs.

353.    The Plaintiffs true full value of items is over of $300,000.00.

354.    Plaintiffs have made demand for payment for damages to their property but they

have received no payment.

355.    Unigroup can receive all necessary costs and expenses, including reasonable

attorneys' fees in connection with litigation. Florida law provides that sucha provision will be

mutual for the prevailing parties.

356.    For good consideration, Plaintiffs contracted with Unigroup Relocation for

thesafe storage and delivery of their property in good condition.

357.    Unigroup is an integrated entity with Unigroup Van Lines for storageand

transport of Plaintiffs goods.

358.    Unigroup and its integrated entity, Unigroup Van Lines, were in

possession of Plaintiffs' goods under the Warehouse Receipt after January 25, 2022.

359.    Unigroup Relocation and its integrated entity, Unigroup Van Lines, breached

the Warehouse Receipt by losing and destroying Plaintiffs' property, delivering a significant

portion of Plaintiffs' property in a substantially-damaged condition,

360.    Plaintiffs have suffered related loses and/or damages.

361.    Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiffs, Stephen Starceski, demand judgment against Defendant,

UNIGROUP LLCUNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC,

VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA,

VANLINER INSURANCE COMPANY, UNIGROUP, LLC, with relief toPlaintiffs as follows:

    k)  Money damages as compensation for all loss and damage to personal property caused by the Defendants' conduct,

    l)  An award of reasonable attorney fees,

    m)  An award of pre and post judgment interest as permitted by law,

    n)  An award of costs, and

    o)  Such other legal or equitable relief deemed appropriate.

### COUNT XVI
### Cause of Action for Breach of Written Contract against
### TRAVELERS CASUALTY & SURETY CO. OF
### AMERICA

362.    The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance. The essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.  Rollins, Inc. v. Butland,  Florida Second District Court of Appeal|Jun 30, 2006|932 So. 2d 1172

363.    This is a cause of action for damages in excess of $60,000.00.

364.    Plaintiffs reassert paragraphs 1-283 as if fully stated here.

365.    In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

366. At the time of packing, Plaintiffs order was assigned "order number" UO178-00402-1.

367. Exhibit "C" identifies items taken in possession in January 2022 and identifiesminimal damage to Plaintiffs' household goods when packed.

368. Plaintiffs' household goods were transported from California to Florida in 2022 by United Van Lines and/or Unigroup Van Lines.

369. From 2021 through 2022, Unigroup Relocation Systems invoiced Plaintiffs for storage under order number UO178-00402-1 in which:

370. Plaintiffs' goods were presented to United Van Lines and Unigroup in good condition in January 2022.

371. Plaintiffs goods were in the possession of Unigroup Relocation Systems of St. Petersburg on and after January 25, 2022.

372. Under United's tariff, Unigroup Relocation had knowledge of any change in the condition of Plaintiffs' goods as of January 25, 2022.

373. No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

374. On February 7, 2014, Unigroup Relocation sent a letter to Mr Starceski stating, "we never received a warehouse receipt signed by you" and that the "terms and conditions of the warehouse receipt govern Unigroup's liability in connection with your goods".

375. While being transported by Unigroup , Plaintiffs were told by Unigroup's agentsthat Plaintiffs' some of household goods were destroyed by fire.

376. On February 7, 2022, Unigroup Van Lines sent Mr Starceski an e-mail invoice with invoice.

377.   After February 11, 2022, Unigroup agents attempted delivery of Plaintiffs'
damage household goods by asking him to come pilfer through the damaged even though that
particular container and the contents thereof were completely destroyed.

378.   Agents of Unigroup hired persons to examine Plaintiffs' property after February
2022 who reported the condition to Unigroup. No one has provided that to Plaintiffs.

379.   The Plaintiffs true full value of items is over of $300,000.00.

380.   Plaintiffs have made demand for payment for damages to their property but they
have received no payment.

381.   Unigroup can receive all necessary costs and expenses, including reasonable
attorneys' fees in connection with litigation. Florida law provides that sucha provision will be
mutual for the prevailing parties.

382.   For good consideration, Plaintiffs contracted with Unigroup Relocation for
thesafe storage and delivery of their property in good condition.

383.   Unigroup is an integrated entity with Unigroup Van Lines for storageand
transport of Plaintiffs goods.

384.   Unigroup and its integrated entity, Unigroup Van Lines, were in
possession of Plaintiffs' goods under the Warehouse Receipt after January 25, 2022.

385.   Unigroup Relocation and its integrated entity, Unigroup Van Lines, breached
the Warehouse Receipt by losing and destroying Plaintiffs' property, delivering a significant
portion of Plaintiffs' property in a substantially-damaged condition,

386.   Plaintiffs have suffered related loses and/or damages.

387.   Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiffs, Stephen Starceski, demand judgment against Defendant,

UNIGROUP LLCUNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC,

VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA,

VANLINER INSURANCE COMPANY, UNIGROUP, LLC, with relief toPlaintiffs as follows:

    p)  Money damages as compensation for all loss and damage to personal property caused by the Defendants' conduct,

    q)  An award of reasonable attorney fees,

    r)  An award of pre and post judgment interest as permitted by law,

    s)  An award of costs, and

    t)  Such other legal or equitable relief deemed appropriate.

### COUNT XVII Cause of Action for Breach of Written Contract against VANLINER INSURANCE COMPANY

388.  The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance. The essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.  Rollins, Inc. v. Butland,  Florida Second District Court of Appeal|Jun 30, 2006|932 So. 2d 1172

389.  This is a cause of action for damages in excess of $60,000.00.

390.     Plaintiffs reassert paragraphs 1-283 as if fully stated here.

391.     In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

392.    At the time of packing, Plaintiffs order was assigned "order number" UO178-00402-1.

393.    Exhibit "C" identifies items taken in possession in January 2022 and identifiesminimal damage to Plaintiffs' household goods when packed.

394.    Plaintiffs' household goods were transported from California to Florida in 2022 by United Van Lines and/or Unigroup Van Lines.

395.    From 2021 through 2022, Unigroup Relocation Systems invoiced Plaintiffs for storage under order number UO178-00402-1 in which:

396.    Plaintiffs' goods were presented to United Van Lines and Unigroup in good condition in January 2022.

397.    Plaintiffs goods were in the possession of Unigroup Relocation Systems of St. Petersburg on and after January 25, 2022.

398.    Under United's tariff, Unigroup Relocation had knowledge of any change in the condition of Plaintiffs' goods as of January 25, 2022.

399.    No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

400.    On February 7, 2014, Unigroup Relocation sent a letter to Mr Starceski stating, "we never received a warehouse receipt signed by you" and that the "terms and conditions of the warehouse receipt govern Unigroup's liability in connection with your goods".

401.    While being transported by Unigroup , Plaintiffs were told by Unigroup's agentsthat Plaintiffs' some of household goods were destroyed by fire.

402.    On February 7, 2022, Unigroup Van Lines sent Mr Starceski an e-mail invoice with invoice.

403.    After February 11, 2022, Unigroup agents attempted delivery of Plaintiffs' damage household goods by asking him to come pilfer through the damaged even though that particular container and the contents thereof were completely destroyed.

404.    Agents of Unigroup hired persons to examine Plaintiffs' property after February 2022 who reported the condition to Unigroup. No one has provided that to Plaintiffs.

405.    The Plaintiffs true full value of items is over of $300,000.00.

406.    Plaintiffs have made demand for payment for damages to their property but they have received no payment.

407.    Unigroup can receive all necessary costs and expenses, including reasonable attorneys' fees in connection with litigation. Florida law provides that sucha provision will be mutual for the prevailing parties.

408.    For good consideration, Plaintiffs contracted with Unigroup Relocation for thesafe storage and delivery of their property in good condition.

409.    Unigroup is an integrated entity with Unigroup Van Lines for storageand transport of Plaintiffs goods.

410.    Unigroup and its integrated entity, Unigroup Van Lines, were in possession of Plaintiffs' goods under the Warehouse Receipt after January 25, 2022.

411.    Unigroup Relocation and its integrated entity, Unigroup Van Lines, breached the Warehouse Receipt by losing and destroying Plaintiffs' property, delivering a significant portion of Plaintiffs' property in a substantially-damaged condition,

412.    Plaintiffs have suffered related loses and/or damages.

413.    Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiffs, Stephen Starceski, demand judgment against Defendant,

UNIGROUP LLCUNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC,

VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA,

VANLINER INSURANCE COMPANY, UNIGROUP, LLC, with relief toPlaintiffs as follows:

u) Money damages as compensation for all loss and damage to personal property caused by the Defendants' conduct,

v) An award of reasonable attorney fees,

w) An award of pre and post judgment interest as permitted by law,

x) An award of costs, and

y) Such other legal or equitable relief deemed appropriate.

### COUNT XVIII Cause of Action for Breach of Written Contract against VALERIE J. PACER

414. The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance. The essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.  Rollins, Inc. v. Butland,  Florida Second District Court of Appeal|Jun 30, 2006|932 So. 2d 1172

415. This is a cause of action for damages in excess of $60,000.00.

416. Plaintiffs reassert paragraphs 1-413 as if fully stated here.

417.    In 2022, over 450 of Plaintiffs' boxes, crates, furniture and miscellaneous items were packed.

418.   At the time of packing, Plaintiffs order was assigned "order number" UO178-00402-1.

419.   Exhibit "C" identifies items taken in possession in January 2022 and identifiesminimal damage to Plaintiffs' household goods when packed.

420.   Plaintiffs' household goods were transported from California to Florida in 2022 by United Van Lines and/or Unigroup Van Lines.

421.   From 2021 through 2022, Unigroup Relocation Systems invoiced Plaintiffs for storage in which:

422.   Plaintiffs' goods were presented to United Van Lines and Unigroup in good condition in January 2022.

423.   Plaintiffs goods were in the possession of Unigroup Relocation Systems of St. Petersburg on and after January 25, 2022.

424.   Under United's tariff, Unigroup Relocation had knowledge of any change in the condition of Plaintiffs' goods as of January 25, 2022.

425.   No one has ever identified any damage to Plaintiffs' property as of January 25, 2022.

426.   On February 7, 2014, Unigroup Relocation sent a letter to Mr Starceski stating, "we never received a warehouse receipt signed by you" and that the "terms and conditions of the warehouse receipt govern Unigroup's liability in connection with your goods".

427.   While being transported by Unigroup , Plaintiffs were told by Unigroup's agentsthat Plaintiffs' some of household goods were destroyed by fire.

428.   On February 7, 2022, Unigroup Van Lines sent Mr Starceski an e-mail invoice with invoice.

429. After February 11, 2022, Unigroup agents attempted delivery of Plaintiffs' damage household goods by asking him to come pilfer through the damaged even though that particular container and the contents thereof were completely destroyed.

430. Agents of Unigroup hired persons to examine Plaintiffs' property after February 2022 who reported the condition to Unigroup. No one has provided that to Plaintiffs.

431. The Plaintiffs true full value of items is over of $300,000.00.

432. Plaintiffs have made demand for payment for damages to their property but they have received no payment.

433. Unigroup can receive all necessary costs and expenses, including reasonable attorneys' fees in connection with litigation. Florida law provides that sucha provision will be mutual for the prevailing parties.

434. For good consideration, Plaintiffs contracted with Unigroup Relocation for thesafe storage and delivery of their property in good condition.

435. Unigroup is an integrated entity with Unigroup Van Lines for storage and transport of Plaintiffs goods.

436. Unigroup and its integrated entity, Unigroup Van Lines, were in possession of Plaintiffs' goods under the Warehouse Receipt after January 25, 2022.

437. Unigroup Relocation and its integrated entity, Unigroup Van Lines, breached the Warehouse Receipt by losing and destroying Plaintiffs' property, delivering a significant portion of Plaintiffs' property in a substantially-damaged condition,

438. Plaintiffs have suffered related loses and/or damages.

439. Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiffs, Stephen Starceski, demand judgment against Defendant,

UNIGROUP LLCUNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC,

VALERIE J. PACER, TRAVELERS CASUALTY & SURETY CO. OF AMERICA,

VANLINER INSURANCE COMPANY, UNIGROUP, LLC, with relief to Plaintiffs as follows:

z)  Money damages as compensation for all loss and damage to personal property

caused by the Defendants' conduct,

aa) An award of reasonable attorney fees,

bb) An award of pre and post judgment interest as permitted by law,

cc) An award of costs, and

dd) Such other legal or equitable relief deemed appropriate.

## COUNT XIX

**Cause of Action for violation of Florida Deceptive and Unfair Trade Practices against UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC**

440.   This is a cause of action for damages in excess of $60,000.00.

441.   Plaintiffs reassert paragraphs 1-439 as if fully stated here.

442.   Agents for integrated Defendants, Unigroup LLC, United Van Lines International Inc.,  United Van Lines LLC, performed services for Plaintiffs by packing, loading, unloading, storing and transporting Plaintiffs' household goods as identified in Exhibits attached. Defendants colluded to deprive the Plaintiff of vital information concerning his property.

443.   Plaintiff was injured due to the loss of his property.

444.   Plaintiff suffered losses which were capable of reasonable ascertainment and are not speculative or conjectural due to the Plaintiff having a list of the destroyed items.

445.

446.   Agents for United delivered goods to Plaintiffs residence in June 2022 in a truck

with a United logo.

447.     Plaintiffs and other perspective consumers would have a reasonable expectation that property packed, loaded, unloaded, stored and transported by Defendants.

448.     Agents for Defendants, packed Plaintiffs' household goods while identifying any goods damaged before packing.

449.     Defendants' agents' identification of items damaged before packing would lead a prospective consumer to reasonably believe that Defendants were documenting items in the event items were damaged while in Defendants' possession.

450.     Agents for Defendants, identifying any goods damaged before packing was material enough to affect Plaintiffs' belief that Defendants were documenting items in the event items were damaged while Defendants' possession.

451.     Derfendants provided Plaintiffs with a Warehouse Receipt which states, if Plaintiffs do "not pay full invoice, his items would not be delivered."

452.     Defendants knew at this time that the items in the shipment were damaged and not recoverable.

453.     Plaintiff paid the full value of his shipment and awaited the delivery of the shipment.
.

454.     Plaintiffs' identification of $200,000 value is material enoughto affect Plaintiffs' belief that their property be delivered without damage as was promised.

455.     was likely to mislead Plaintiffs, as consumers, to believe that theirproperty was financially protected if they filed a claim.

456.     Plaintiffs have made demand for payment for damages to their property but they have received no payment.

457.     Unigroup Relocation Systems of St. Petersburg, Inc., provided Plaintiffs with a Warehouse Receipt which states, "Storage Company will NOT INSURE [Plaintiffs'] Property"

Plaintiffs were repeatedly billed for "Property Insurance Surchg".

458. Unigroup Relocation Systems of St. Petersburg, Inc's billing for insurance was likely to mislead a consumer to believe that their property was insured while in Unigroup Relocation's possession when viewed from the perspective of a consumer acting reasonablyunder the circumstances.

459. Agents for Defendants, United Van Lines, Unigroup Relocation Systems of St. Petersburg, Inc., Unigroup, LLC and Unigroup Companies', engaged in unconscionableacts or practices in the conduct of transporting, storing or delivering Plaintiffs' household goods.

460. United, Unigroup Relocation, Unigroup Van Lines, and Unigroup Companies as integrated with the other Unigroup companies, lost and destroyed Plaintiffs' property after January 25, 2022, delivering a significant portion of Plaintiffs' property in a substantially-damaged condition after January 25, 2022.

461. Agents for Defendants, United Van Lines, Unigroup, Unigroup, LLC and Unigroup Companies', engaged in unconscionableacts or practices in refusing to compensate Plaintiffs' for the loss and damage to Plaintiffs' property.

462. Agents for Defendants, United Van Lines, Unigroup, Unigroup, LLC and Unigroup Companies', acted in such a way thatoffends established public policy and is substantially injurious to consumers.

463. Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiffs demand judgment against Defendants  with relief to Plaintiffs as follows:

a) Money damages as compensation for all loss and damage to personal property caused by the Defendants' conduct,

b) An award of reasonable attorney fees,

c) An award of pre and post judgment interest as permitted by law,

d)  An award of costs, and

e)  Such other legal, injunctive or equitable relief deemed appropriate.

## <u>COUNT XX</u>

<u>Cause of Action for violation of Florida Deceptive and Unfair Trade Practices against</u> **UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC**

464.  Pursuant to Title XXXIII. Regulation of Trade, Commerce, Investments, and Solicitations. (Chs. 494 — 560), Chapter 501. Consumer Protection. (Pts. I — VII),Part II. Deceptive and Unfair Trade Practices. (§§ 501.201 — 501.213), Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

465.  This is a cause of action for damages in excess of $60,000.00.

466.  Plaintiffs reassert paragraphs 1-467 as if fully stated here.

467.  This is a cause of action for damages in excess of $60,000.00.

468.  Defendants colluded to deprive the Plaintiff of vital information concerning his property.

469.  Plaintiff was injured due to the loss of his property.

470.  Plaintiff suffered losses which were capable of reasonable ascertainment and are not speculative or conjectural due to the Plaintiff having a list of the destroyed items.

471.  Agents for Defendants, performed services for Plaintiffs by packing, loading, unloading, storing and transporting Plaintiffs' household goods.

472.  Defendants knew the Plaitntiff's shipment was partially destroyed prior to them asking for the final payment before shipping.

473.     Agents for United delivered goods to Plaintiffs residence in January 2022 in a truck with a United logo.

474.      Plaintiffs and other perspective consumers would have a reasonable expectation that property packed, loaded, unloaded, stored and transported by Defendants.

475.     Agents  for  Defendants,  packed Plaintiffs' household  goods  while identifying  any goods damaged before packing.

476.     Defendants' agents' identification of items damaged before packing would lead a prospective consumer to reasonably believe that Defendants were documenting items in the event items were damaged while in Defendants' possession.

477.      Agents  for  Defendants, identifying any goods damaged before packing was material enough to affect Plaintiffs' belief that Defendants were documenting items in the event items were damaged while Defendants' possession.

478.     The Plaintiffs Full Value of items were $200,000.00 to their goods inExhibit "K".

479.     From January 25, 2022 and into 2022, Plaintiffs were invoiced by Defendants, in which Plaintiffs were charged for all fees.

480.     Derfendants provided Plaintiffs with a Warehouse Receipt which states, if Plaintiffs do "not pay full invoice, his items would not be delivered."

481.      Defendants knew at this time that the items in the shipment were damaged and not recoverable.

482.     Plaintiff paid the full value of his shipment and awaited the delivery of the shipment.
.
483.     Plaintiffs' identification of $300,000 value in Exhibit "K" was material enough to affect Plaintiffs' belief that their property be delivered without damage as was promised.

484.     On June 23, 2022, United's agent, Unigroup Relocation, sent Plaintiffs, through Mr Starceski, an e-mail stating, "The full value protection that you purchased is for any damage that occurs *during your move that is transit related*. If there is transit related damage to your furniture, *you will need to file a claim for that once you have received your shipment*." The e-mail is attached as Exhibit "G". Emphasis added.

485.     On September 6, 2022, Plaintiffs completed a "Claim Form" provided by United and submitted it to United and its agents Unigroup Van Lines and Unigroup Relocation. The ClaimForm is attached as Exhibit "H" and identifies the monetary losses to Plaintiffs' household goods.

486.     Exhibit "G" was likely to mislead Plaintiffs, as consumers, to believe that their property was financially protected if they filed a claim.

487.     Plaintiffs have made demand for payment for damages to their property but they have received no payment.

488.     Unigroup Relocation Systems of St. Petersburg, Inc., provided Plaintiffs with a Warehouse Receipt which states, "Storage Company will NOT INSURE [Plaintiffs'] Property" Plaintiffs were repeatedly billed for "Property Insurance Surchg".

489.     In April 2022, Plaintiffs completed a "Claim Form" (by way of a letter from Plaintiff's attorney) and submitted it to the Defendants

490.     Derendants' billing for insurance was likely to mislead a consumer to believe that their property was insured and intacted while in Defendants' possession when viewed from the perspective of a consumer acting reasonablyunder the circumstances.

491.     Defendants'actionsofstating the damages but notproviding reports of the damage was material enough to affect Plaintiffs' belief that their property was insured

while in Defendants possession.

492.   Agents for Defendants, engaged in unconscionableacts or practices in the conduct of transporting, storing or delivering Plaintiffs' household goods.

493.   Defendants, lost and destroyed Plaintiffs' property after January 25, 2022, delivering a significant portion of Plaintiffs' property in a substantially-damaged condition after January 25, 2022, and failed to provide insurance coverage to Plaintiffs but charged them for it.

494.   Agents for Defendants, engaged in unconscionableacts or practices in refusing to compensate Plaintiffs' for the loss and damage to Plaintiffs' property.

495.   Agents for Defendants, acted in such a way thatoffends established public policy and is substantially injurious to consumers.

496.   Plaintiffs have had to retain the services of an attorney to assert their rights.

WHEREFORE, Plaintiff, demand judgment againstDefendants with relief to Plaintiffs as follows:

f)   Money damages as compensation for all loss and damage to personal property caused by the Defendants' conduct,

g)   An award of reasonable attorney fees,

h)   An award of pre and post judgment interest as permitted by law,

i)    An award of costs, and

j)   Such other legal, injunctive or equitable relief deemed appropriate.

## COUNT XXI

**Cause of Action for violation of Federal Sherman Act against** UNITED VAN LINES INTERNATIONAL, UNITED VAN LINES, LLC, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, VANLINER INSURANCE COMPANY, UNIGROUP, LLC

497.    The necessary elements for recovery under section 1 of the Sherman Act are:

(1) An agreement, conspiracy or combination among the defendants in restraint

of trade; (2) injury to the plaintiff's business and property as a direct result and

(3) damages that are capable of reasonable ascertainment and are not

speculative or conjectural.  13A M.J. MONOPOLIES AND RESTRAINTS OF

TRADE § 5

498.    Defendants colluded to deprive the Plaintiff of vital information concerning his
property.

499.    Plaintiff was injured due to the loss of his property.

500.    Plaintiff suffered losses which were capable of reasonable ascertainment and
are not speculative or conjectural due to the Plaintiff having a list of the
destroyed items.

501.    This is a cause of action for damages in excess of $100,000.00.

502.    Plaintiffs reassert paragraphs 1-496 as if fully stated here.

503.    Agents for integrated Defendants, , performed services for Plaintiffs by packing,

loading, unloading, storing and transporting Plaintiffs' household goods.

504.     Plaintiffs and other perspective consumers would have a reasonable expectation

that property packed, loaded, unloaded, stored and transported by Defendants.

505.    Defendants' agents' identification of items damaged before packing would lead a

prospective consumer to reasonably believe that Defendants were documenting items in the event

items were damaged while in Defendants' possession.

506.    Defendants conspired with each other to withhold necessary and critical

information from the Plaintiff.

WHEREFORE, Plaintiffs demand judgment againstDefendants with

relief to Plaintiffs as follows:

k)  Money damages as compensation for all loss and damage to personal property

caused by the Defendants' conduct,

l)   An award of reasonable attorney fees,

m) An award of pre and post judgment interest as permitted by law,

n)  An award of costs, and

o)  Such other legal, injunctive or equitable relief deemed appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all claims and issues so triable.

Counsel for Plaintiff
McCarter Law Group PA
Keith McCarter, ESQ
15310 Amberly Dr. Suite 250
Tampa Palm, FL33647

813-955-9474
mccarterlawgroup@gmail.com