# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHEN P. STARCESKI,

    Plaintiff,

v.

UNITED VAN LINES, INTERNATIONAL; UNITED VAN LINES, LLC; VALERIE J. PACER; TRAVELERS CASUALTY & SURETY CO. OF AMERICA; VANLINER INSURANCE COMPANY; UNIGROUP, LLC; NADIA A. GAJARDO.

    Defendants.
_____/

Case No. 8:22-cv-00962-WFJ-CPT

## ORDER

Before the Court is United Van Lines, LLC ("United") and United Van Lines, International's ("UVLI") (collectively "moving Defendants") Motion to Dismiss (Dkt. 13). Plaintiff Stephen Starceski has responded (Dkt. 39) and the moving Defendants have replied (Dkt. 33). With the benefit of full briefing, the Court grants the moving Defendants' motion.

## BACKGROUND

On September 1, 2021, Mr. Starceski contracted with United to transport his household goods from California to Florida. Dkt. 7-1 at 16. United subsequently

issued Mr. Starceski Order for Service/Bill of Lading U0187-00402-1 ("Bill of Lading"). *Id.* 14–17. And, on September 8, 2021, Mr. Starceski's goods were loaded for storage pending transit. Dkt. 11 at 6.

On January 18, 2022, United delivered a portion of Mr. Starceski's goods in Florida. Dkt. 11 at 6; Dkt. 13 at 4. The second portion, however, was never delivered. United claims that "[o]n or about January 18, 2022, during the interstate transport of Plaintiff's second load, the vehicle hauling [Mr. Starceski's] remaining two containers caught fire." Dkt. 13 at 4. Mr. Starceski "believes the items were stolen, converted and/or embezzled[.]" Dkt. 39 at 3.

On July 1, 2022, Mr. Starceski filed his Second Amended Complaint. Dkt. 11. Mr. Starceski brings twenty-four counts against seven entities and individuals. *Id.* at 7–112. Mr. Starceski's causes of action range from state law breach of contract claims to constitutional challenges of 49 U.S.C. § 14706(a)(1) (the "Carmack Amendment"). *Id.*

The moving Defendants and Defendant Valerie J. Pacer responded by filing two motions to dismiss Dkts. 13 & 16. Their motions collectively challenge Counts I, III, VIII, IX, XII, XIII, XIV, XVIII, XIX, XX, XXI, XXII, XXIII, and XXIV. Dkt. 13 & 16. In sum, they maintain that Mr. Starceski's only viable claim is Count II, a Carmack Amendment claim against United.

Following a hearing on October 13, 2022, the Court dismissed Counts XII, XVIII, and XXIII with prejudice. Dkt. 44. The Court also dismissed Count XXIV with prejudice as to Defendant Valerie J. Pacer. *Id.* This leaves Counts I, III, VIII, IX, XIII, XIV, XIX, XX, XXI, and XXII, as well as Count XXIV as to the moving Defendants.

## LEGAL STANDARD

A complaint withstands dismissal under Rule 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All facts are accepted as true and viewed in the light most favorable to the Plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Documents attached to a motion to dismiss may also be considered if the documents are (1) central to the plaintiff's claim, and (2) undisputed (if their authenticity is not challenged). *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

## DISCUSSION

### I.  Mr. Starceski's Constitutional Claims (Counts I and XXII)

Mr. Starceski contends that the Carmack Amendment is unconstitutional. According to Mr. Starceski, this is the case for three reasons: a) the Carmack Amendment violates the Equal Protection Clause of the United States Constitution; b) the Carmack Amendment violates the Necessary and Proper Clause of the United States Constitution; and, c) the Carmack Amendment violates Mr. Starceski's substantive due process rights under the United States Constitution. Dkt. 11 at 8, 107. The Court disagrees.

In *Adams Express Co. v. Croninger*, 226 U.S. 491, 499–500 (1913), the Unites States Supreme Court considered "whether the operation and effect of the contract for an interstate shipment, as shown by the receipt or bill of lading, is governed by the local law of the state, or by the acts of Congress regulating interstate commerce." The Supreme Court began its affirmative opinion by recognizing the following:

> That the constitutional power of Congress to regulate commerce among the states and with foreign nations comprehends power to regulate contracts between the shipper and the carrier of an interstate shipment by defining the liability of the carrier for loss, delay, injury, or damage to such property, needs neither argument nor citation of authority.

*Id.* at 500. Since *Adams Express Co.*, every Circuit Court of Appeal across the United States has followed this Supreme Court precedent to uphold the Carmack

Amendment and its preemptive scope. *See Certain Underwriters at Int. at Lloyds of London v. United Parcel Serv. of Am., Inc.,* 762 F.3d 332, 336 (3d Cir. 2014) (finding that "Courts of Appeals from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have consistently held that the Carmack Amendment is the 'exclusive cause of action for interstate-shipping contract [and tort] claims alleging loss or damage to property.'") (citations omitted).

That being so, Mr. Starceski presents no fact, reasoning, or authority that would allow the Court even to begin considering a constitutional challenge to the Carmack Amendment.[1] Mr. Starceski's unsupported claims are simply not plausible in light of a century of well-established law. The Court therefore dismisses Counts I and XXII with prejudice.

## II.   Mr. Starceski's State Law Claims against UVLI and United (Counts VII, IX, XIII, XIV, XIX, XX, and XXIV)

Mr. Starceski's state law claims against the moving Defendants are similarly deficient. These include Mr. Starceski's negligence (Counts VIII and IX), breach

---

[1] In relation to his claim that the Carmack Amendment "is unconstitutional as is applied to the plaintiff pursuant to the United States Constitution [Equal] Protection Clause and Substantive due proce[ss]," Mr. Starceski merely states that he "[w]ill expand this section later." Dkt. 11 at 8. Mr. Starceski's argument concerning the Necessary and Proper Clause, moreover, only contains conclusory legal conclusions devoid of factual support such as "Congress does not have the power to limit liability or regulate damages sought by aggrieved parties for the recklessness of a carrier as defined in 49 U.S.C. § 14706." *Id.* at 107.

of contract (Counts XIII and XIV), violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Counts XIX and XX), and theft claims (XXIV). The moving Defendants argue, among other things, that each of the aforementioned causes of action are preempted by the Carmack Amendment. Dkt. 13 at 7. The Court agrees.

In the early 20th Century, carriers were subject to diverse state and common-law liabilities which resulted in uncertainty concerning a "carrier's actual responsibility as to goods delivered to it for transportation from one state to another." *Adams Express Co.*, 226 U.S. at 505. Congress sought to alleviate this uncertainty, and thereby boost interstate commerce, by replacing this diversity with a uniform rule for carrier liability. *Id.* Thus, the Carmack Amendment was enacted to supersede "all the regulations and policies of a particular state upon the same subject[.]" *Id.*

In recent years, the Eleventh Circuit has held that Carmack preemption of state law claims reaches beyond mere negligence and extends even to where a carrier accepted a shipment "knowing that they had no intention of fulfilling or attempting to deliver" the shipment. *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002). This is because Carmack preemption "embraces 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation.'" *Id.* at 1247 (citations omitted). Accordingly, the pertinent

preemption question is whether a shipper's claim is based on a carrier's "failure to provide them with particular transportation and delivery services." *Id.*

Here, all of Mr. Starceski's state law claims are based on United's failure to provide him with proper transportation of his household goods from California to Florida. Indeed, had United delivered Mr. Starceski's second installment without incident, there would be no case before the Court. Additionally, there is no doubt that that the Carmack Amendment controls; for, the Bill of Lading itself states: "[t]he liability of Carrier for actual loss or damage to an article shall further be subject to [the Carmack Amendment]." Dkt. 7-1 at 17. The Court therefore dismisses Counts VIII, IX, XIII, and XIV with prejudice. The Court also dismisses Counts XIX, XX, and XXIV with prejudice as to the moving Defendants.

### III. Mr. Starceski's Carmack Claim against UVLI (III)

This brings the Court to Mr. Starceski's Carmack Amendment claim against UVLI. Mr. Starceski argues that, in addition to United, UVLI is liable under the Carmack Amendment because UVLI is a related entity that was aware of the events surrounding Mr. Starceski's contract with United. Dkt. 11 at 18–24. The moving Defendants claim that UVLI had nothing to do with Mr. Starceski's contract with United and that UVLI does not even conduct domestic interstate shipments, as UVLI has no Department of Transportation ("DOT") operating authority. Dkt. 13 at 20.

It is axiomatic that, in order for an interstate carrier to be liable for a failed interstate shipment under the Carmack Amendment, they must be an interstate carrier. UVLI is an Ocean Freight Forwarder licensed by the Federal Maritime Commission. Dkt. 14-1 at 1. There is no evidence to suggest that UVLI ever conducts interstate shipments.

Equally fatal to Mr. Starceski's claim is the fact that Mr. Starceski contracted with United alone. Dkt. 7-1 at 14. Under that contract, United is the sole responsible carrier for Mr. Starceski's goods. *Id.* Mr. Starceski, moreover, fails to explain how UVLI had any awareness of the events surrounding Mr. Starceski's transaction with United.

For these reasons, Mr. Starceski's Carmack Amendment claim against UVLI fails to state a claim upon which relief can be granted as a matter of law. The Court therefore dismisses Count III with prejudice.

## IV.     Mr. Starceski's Sherman Act claim against UVLI and United (XXI)

Mr. Starceski's final claim against the moving Defendants alleges that they "colluded to deprive [Mr. Starceski] of vital information concerning his property[,]" and that "[Mr. Starceski] was injured due to the loss of his property." Dkt. 11 at 104. Consequently, Section 1 of the Sherman Act was violated. Dkt. 11 at 105; Dkt. 39 at 13.

As the moving Defendants note, these allegations fail to plead a Sherman antitrust cause of action for multiple reasons. Two of these reasons are particularly glaring. First, Section 1 of the Sherman Act generally provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is hereby declared to be illegal." 15 U.S.C § 1. This, however, is not an antitrust case under any reasonable interpretation of the facts. To be sure, even if the moving Defendants conspired to deceive Mr. Starceski, it is entirely unclear to the Court how Mr. Starceski is attempting to causally connect such conduct to a restraint of trade. Second, "[b]roadly speaking, irrespective of the type of activity challenged, certain elements must be pleaded and established to prove a violation of section 1: (1) that a conspiracy exists between two or more entities and (2) that the conspiracy unreasonably restrains trade." *JES Props., Inc. v. USA Equestrian, Inc.*, 253 F. Supp. 2d 1273, 1279 (M.D. Fla. 2003). "A conclusory allegation of conspiracy to restrain trade will not survive a motion to dismiss." *Id.* at 1280 (citation omitted). Mr. Starceski's allegation of conspiracy to restrain trade is not merely conclusory, it is nonexistent.

No amendment could transform this alleged personal injury into an injury to competition as a whole. Accordingly, the Court dismisses Count XXI with prejudice as to the moving Defendants.

## V.     Mr. Starceski's Remaining Claims

Mr. Starceski's remaining claims, with the exception of Count II, relate to Defendants Travelers Casualty & Surety Co. of America, Vanliner Insurance Company, Unigroup, LLC, and Nadia A. Gajardo (collectively "non-moving Defendants"). The moving Defendants did not challenge these causes of action. Notwithstanding, because Mr. Starceski's entire Second Amended Complaint constitutes a shotgun pleading, the Court dismisses them without prejudice.

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or

another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, each of Mr. Starceski's Counts II-XXIV incorporates all allegations of the preceding counts.[2] In addition, the Second Amended Complaint as a whole is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Id.* at 1322. It spans 112 pages, and 538 paragraphs. Yet, it is completely unclear how Mr. Starceski's various allegations under each count relate to the legal elements of his numerous claims. *See id.* at 1323. The Court therefore dismisses Counts II, IV, V, VI, VII, X, XI, XV, XVI, and XVII without prejudice generally and dismisses Counts XIX, XX, XXI, and XXIV without prejudice as to the non-moving Defendants.

## CONCLUSION

Mr. Starceski may amend his complaint in accordance with this Order. This will however be his third and final attempt to amend his complaint. Mr. Starceski should be advised, moreover, that the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018).

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

---

[2] Mr. Starceski's Count XXI, for instance, "reassert[s] paragraphs 1-496 as if fully stated here." Dkt. 11 at 105.

(1) United and UVLI's Motion to Dismiss (Dkt. 16) Mr. Starceski's Second Amended Complaint (Dkt. 11) is **GRANTED.**

(2) Counts I, III, VIII, IX, XIII, XIV, and XXII are **DISMISSED WITH PREJUDICE**.

(3) Counts XIX, XX, XXI, and XXIV are **DISMISSED WITH PREJUDICE** as to the moving Defendants alone.

(4) Counts II, IV, V, VI, VII, X, XI, XV, XVI, XVII, XIX, XX, XXI, and XXIV are otherwise **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, on October 19, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record