## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHEN P. STARCESKI,

      Plaintiff,

v.                                                                Case No. 8:22-cv-962-WFJ-CPT

UNITED VAN LINES, LLC;
UNIGROUP, LLC;
NADIA A. GAJARDO,

      Defendants.

_____/

## ORDER

Before the Court is Defendant United Van Lines, LLC's ("United") Motion to Dismiss (Dkt. 53) Plaintiff Stephen Starceski's Third Amended Complaint (Dkt. 49). Mr. Starceski has responded (Dkt. 58) and United has not replied. Upon careful review, the Court denies United's Motion to Dismiss.

## BACKGROUND

The instant case arises from a failed interstate move. On September 1, 2021, Mr. Starceski contracted with United to transport his household goods from California to Florida. Dkt. 7-1 at 16. United issued Mr. Starceski Order for Service/Bill of Lading U0187-00402-1 ("Bill of Lading"), *Id.* 14–17, and, on September 8, 2021, United loaded Mr. Starceski's goods for storage pending transit. Dkt. 49 at 6.

1

On January 18, 2022, United delivered a portion of Mr. Starceski's goods to him in Florida. Dkt. 49 at 7; Dkt. 53 at 4. United never delivered the remaining portion. Dkt. 53 at 5. United claims that "[o]n or about January 18, 2022, during the interstate transport of [Mr. Starceski's] second load, the vehicle hauling [Mr. Starceski's] remaining two containers caught fire." *Id.* at 5. Mr. Starceski suggests that United's employees may have "simply go[ne] shopping." Dkt. 49 at 2.

Mr. Starceski brought his Complaint against United on April 26, 2022. Dkt. 3. The next day, Mr. Starceski filed a "Corrected Complaint." Dkt. 7. On May 23, 2022, Mr. Starceski filed an Amended Complaint. Dkt. 10. Then, on July 1, 2022, Mr. Starceski filed a Second Amended Complaint which brought twenty-four counts against seven entities and individuals. Dkt. 11 at 7–112. Mr. Starceski's causes of action ranged from state law tort claims to constitutional challenges of 49 U.S.C. § 14706(a)(1) (the "Carmack Amendment"). *Id.*

United, as well as former Defendants United Van Lines International and Valerie Pacer, moved to dismiss Mr. Starceski's Second Amended Complaint in late August 2022. Dkt. 13; Dkt. 16. The Court granted both motions, dismissing various claims with prejudice and other claims without prejudice due to the shotgun-nature of Mr. Starceski's Second Amended Complaint. Dkt. 44; Dkt. 45. The Court's Order explained that: (1) "United is the sole responsible carrier for Mr. Starceski's goods[,]" Dkt. 45 at 8; (2) "the Carmack Amendment controls" the instant case

because "Mr. Starceski's state law claims are based on United's failure to provide him with proper transportation of his household goods from California to Florida," *Id.* at 7; and (3) "Carmack preemption of state law claims reaches beyond mere negligence and extends even to where a carrier accepted a shipment 'knowing that they had no intention of fulfilling or attempting to deliver' the shipment." *Id.* at 6 (quoting *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002)). The Court granted Mr. Starceski one "final attempt to amend his complaint" in light of the Court's Order. *Id.* at 10–11.

On November 21, 2022, Mr. Starceski filed his Third Amended Complaint. Dkt. 49. Mr. Starceski brings three claims: (1) Count I—cause of action under the Carmack Amendment against United; (2) Count II—cause of action under the Carmack Amendment against Unigroup, LLC; and (3) Count III—cause of action for negligence against Unigroup, LLC and Nadia A. Gajardo. *Id.* at 7–19.[1]

United now moves to dismiss Mr. Starceski's Third Amended Complaint. Dkt. 53. United maintains that dismissal with prejudice is appropriate because Mr. Starceski "failed to comply with the Court's Order dismissing the Second Amended Complaint" and because Mr. Starceski's "state law claims are preempted by [the Carmack Amendment.]" *Id.*

---

[1] In Plaintiff's Third Amended Complaint, Plaintiff's third claim is listed as "Count VII." Dkt. 49 at 18. The Court refers to Plaintiff's third claim as "Count III."

## LEGAL STANDARD

A complaint withstands dismissal under Rule 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All facts are accepted as true and viewed in the light most favorable to the Plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Documents attached to a motion to dismiss may also be considered if the documents are (1) central to the plaintiff's claim, and (2) undisputed (if their authenticity is not challenged). *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

## DISCUSSION

From the outset, United has recognized itself as a "proper party" subject to "a properly pled Carmack Amendment claim." Dkt. 13 at 23; *see also* Dkt. 48 at 15 (stating that "Defendants' Counsel informed [Mr. Starceski's Counsel] that the only proper defendant was United and that the only proper claim against it was the

Carmack Amendment"); *see also* Dkt. 53 at 4 (stating that, "if the [Third Amended Complaint] survives complete dismissal, United is the only proper defendant and Count I—the Carmack Amendment cause of action against United is the only proper claim").

Count I is a properly pled Carmack Amendment claim. Count I alleges facts that state a claim for relief under the Carmack Amendment against United which is more than "plausible on its face." *See Iqbal*, 556 U.S. at 678. Further, while Count I is not a model of clarity, it gives United adequate notice of Mr. Starceski's Carmack Amendment claim and the grounds upon which Mr. Starceski's claim rests. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). A close reading of United's Motion to Dismiss reveals that United does not argue otherwise. Instead, United attempts to argue that, because there are possible issues with Counts II and III, Count I should be dismissed as well.

The Court will not dismiss Count I because United takes issue with Counts II and III. Mr. Starceski's only claim against United is Count I. Dkt. 49 at 7–13. There is no indication that the defendants against which Mr. Starceski asserts Counts II and III have been served. They have not moved to dismiss Mr. Starceski's claims against them. Moreover, none of the alleged deficiencies in Mr. Starceski's Third Amended Complaint are of import to Count I. The fact that Mr. Starceski "sued an unknown entity named Unigroup, LLC and its alleged manager, Nadia Gajardo," for instance,

is irrelevant to Mr. Starceski's sole claim against United. Dkt. 53 at 18. Similarly, it is not "impossible to tell if [Mr. Starceski's other] allegations are against United[.]" *Id.* The only claim asserted against United is Count I. Dkt. 49 at 13.

If Defendants Unigroup, LLC, and Nadia A. Gajardo wish to address the deficiencies of Counts II and III, they are free to do so (if and when they are served). United does not represent these parties and cannot move to dismiss the claims against them on their behalf.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: United's Motion to Dismiss (Dkt. 53) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on January 27, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

6