UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEPHEN P. STARCESKI**,

    Plaintiff,

v.                                        Case No. 8:22-cv-962-WFJ-CPT

**UNITED VAN LINES, LLC**;
**UNIGROUP, LLC**;
**NADIA A. GAJARDO**,

    Defendants.
_____/

## ORDER

Before the Court are United Van Lines, LLC, United Van Lines International, and Valerie J. Pacer's (collectively, the "Moving Parties") Motion for Attorneys' Fees (Dkt. 48) as well as United Van Lines, LLC's Motion for Sanctions (Dkt. 56). Plaintiff's Counsel Keith McCarter has not responded. Upon careful consideration, the Court denies both motions.

### LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides that:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Federal Rule of Civil Procedure 11(c) then provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[1] "The objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

On the other hand, 28 U.S.C § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory

---

[1] The Moving Parties cite to caselaw finding Rule 11 sanctions mandatory in the Eleventh Circuit under given conditions. Dkt. 48 at 8; Dkt. 56 at 8 (citing *Schramek v. Jones*, 161 F.R.D. 119, 120 (M.D. Fla. 1995)). These cases, or the Eleventh Circuit jurisprudence they rely on, predate the 1993 Amendment to Federal Rule of Evidence 11, which replaced the words "shall impose" with "may impose." *See Didie v. Howes,* 988 F.2d 1097, 1104 (11th Cir. 1993). As recognized by the 1993 Advisory Committee Notes to Rule 11, district courts have "significant discretion in determining what sanctions, *if any*, should be imposed for a violation subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." (emphasis added).

thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[A]n attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). This objective bad faith standard focuses on reasonableness—it does not require a finding of malicious intent or bad purpose. *Id.* at 1240.

## DISCUSSION

Mr. McCarter's conduct does not warrant sanctions. An attorney with one year of legal experience practicing as a solo practitioner could believe that Mr. McCarter's legal and factual contentions were reasonable. The undisputed facts of this case suggest that Mr. McCarter's client has a legitimate claim against United Van Lines, LLC for the loss or destruction of his household goods. United Van Lines International and Ms. Pacer are connected to United Van Lines, LLC. And, while a more experienced attorney might have concluded that there was no meaningful possibility of extending United Van Lines, LLC's liability to United Van Lines International and Ms. Pacer, Mr. McCarter's attempt to do so was not so baseless so as to constitute bad faith.

Mr. McCarter's refusal to accept legal counsel from his opponents does not change the Court's analysis. The Moving Parties reiterate that "from the outset, Defendants' Counsel informed Mr. McCarter that the only proper defendant was [United Van Lines, LLC] and that the only proper claim against it was the Carmack Amendment." Dkt. 48 at 15; *see also* Dkt. 56 at 15. Perhaps this is true. Still, it cannot be treated as evidence that Mr. McCarter fully understood the nuances of the Carmack Amendment and pursued preempted claims anyways. Mr. McCarter is a new member of the Florida Bar with much to learn—opting not to learn from his opponent during an ongoing case is not unreasonable. A majority of newly bared attorneys (practicing alone) would be skeptical of "a letter from one of [their opponent's attorneys] that explained the Carmack Amendment" to the detriment of their client's ability to recover. Dkt. 56 at 15.

It must be noted that "the purpose of Rule 11 sanctions is to deter rather than to compensate[.]" Fed. R. Civ. P. 11 advisory committee's notes to 1993 Amendments. Similarly, the purpose of § 1927 is to prevent or punish that which reaches beyond mere negligent conduct. *See Amlong,* 500 F.3d at 1241–42 (finding that "[i]t is also, by now, clear that negligent conduct, standing alone, will not support a finding of bad faith under § 1927"). These purposes would not be furthered by sanctioning Mr. McCarter under the present circumstances. Perhaps a good and

unbiased mentor would aid Mr. McCarter. The Court declines to exercise its discretion to sanction him.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) United Van Lines, LLC, United Van Lines International, and Valerie J. Pacer's Motion for Attorneys' Fees (Dkt. 48) is **DENIED**.

(2) United Van Lines, LLC's Motion for Sanctions (Dkt. 56) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on February 7, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record